■ LEA CAMPBELL, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 70141.)—

On February 24, 1984, at about 3:10 in the afternoon, the claimant Lea Campbell, an 82-year-old woman, was returning home from a senior citizens center. Upon reaching the northwest corner of Bellmore Avenue and Sunrise Highway, she pressed the pedestrian traffic activator button and waited for the appropriate traffic signal in order to cross Sunrise Highway. She looked across the highway but could not see the "Walk/Don't Walk" sign since it was almost totally obscured by a "One-Way" sign posted directly in front of it. After noting that the traffic light controlling the east-west vehicle flow on Sunrise Highway was red and that the cars were standing still, the claimant proceeded to cross the highway. She crossed two westbound lanes safely but was struck by a vehicle making a left turn from Bellmore Avenue onto Sunrise Highway in a westbound direction as she entered the third lane. The motorist left the scene.

The claimant contended that the State was negligent in the location and operation of the pedestrian traffic device. The evidence adduced at trial demonstrated that the "Walk/Don't Walk" sign was negligently located directly behind a "One-Way" sign which obscured it. Moreover, the "Don't Walk" sign flashed 8.25 seconds less than the minimum time required to give a pedestrian an adequate opportunity to safely traverse the entire intersection; there was sufficient time only for the claimant to cross from her starting point at the northwest corner of the intersection to the median located in the center of the highway. However, by her own admission, the claimant did not rely on the "Walk/Don't Walk" sign in deciding to cross the street.

In our view, the foregoing conditions neither caused nor contributed to the claimant's accident. The claimant contends that, even if the State's negligence in failing to relocate the "One-Way" sign and in failing to properly time the pedestrian traffic signal might not have been enough in and of itself to have caused the accident, the State is not relieved from liability. We disagree. No proximate cause exists with respect to the actions of the State, inasmuch as a superseding act of a third party broke any potential causal nexus between the State's negligence and the claimant's injury (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308). Indeed, the evidence establishes that even if the walk sign had not been obscured by the "One-Way" sign and the "Don't Walk" sign had flashed for an adequate amount of time, the claimant still would have suffered injury due to the oncoming motorist's failure to properly yield the right-of-way to her (see, Stone v Williams, 64 NY2d 639). Accordingly, the claimant failed to demonstrate that the negligence of the State was the proximate cause of her injuries, and her claim was properly dismissed. Mollen, P. J., Eiber, Sullivan and Rosenblatt, JJ., concur.