■ GARY EBERT, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants.—In an action to recover damages for personal injuries based on medical malpractice, the defendants New York City Health and Hospitals Corporation and Dr. Fernando Escano appeal from (1) a judgment of the Supreme Court, Kings County (Monteleone, J.), entered October 27, 1989, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $2,249,000 ($184,000 representing past pain and suffering, $465,000 representing past hospital and rehabilitation services, $1,500,000 representing future rehabilitation services, and $100,000 representing future hospital services), (2) so much of an order of the same court, dated February 2, 1990, as, upon granting, in part, the plaintiff's motion to set aside the verdict (CPLR 4404 [a]), and upon denying their cross motion to set aside the verdict, (a) severed the plaintiff's claims based on (i) past pain and suffering, (ii) future pain and suffering, and (iii) future rehabilitative services, and (b) directed a new trial as to damages on those three claims unless the defendants stipulated to amend the judgment so as to provide for (i) an award in the principal sum of $800,000 for past pain and suffering, (ii) an award in the principal sum of $1,200,000 for future pain and suffering, and (iii) an award in the principal sum of $1,679,000 for future rehabilitative services, (3) an amended judgment of the same court, entered March 18, 1991, which, after a new trial on the three claims noted above, and upon a jury verdict in the sum of $27,000,000 ($7,000,000 representing past pain and suffering, $8,000,000 representing future pain and suffering, and $12,000,000 representing future rehabilitation services) and upon an order of the same court dated February 8, 1991, which granted, in part, the appellants' motion to set aside the verdict (CPLR

4404 [a]), and upon the plaintiff having stipulated to reduce the amount of the verdict in accordance with the terms of that order, is in favor of the plaintiff and against them in the principal sum of $12,002,400 ($2,000,000 representing past pain and suffering, $3,000,000 representing future pain and suffering, $6,437,400 representing future rehabilitative services, $465,000 representing past hospital and rehabilitation services, and $100,000 representing future hospital services), (4) the order dated February 8, 1991, which granted, in part, their motion to set aside the verdict, and (5) an order of the same court dated April 23, 1991, which denied their motion for entry of a further amended judgment providing for a rate of interest of 3% per annum. The appeals from the judgment and the amended judgment bring up for review an order of the Supreme Court, Kings County (Brownstein, J.), dated October 4, 1977, which granted the plaintiff leave to serve and file a late notice of claim.

Ordered that the appeals from (1) the judgment entered October 27, 1989, (2) the order dated February 2, 1990, and (3) the order dated February 8, 1991, are dismissed, as that judgment and those orders were superseded by the amended judgment entered March 18, 1991; and it is further,

Ordered that the amended judgment entered March 18, 1991, is modified, on the law, on the facts and as a matter of discretion, by (1) vacating so much of it as is against defendant New York City Health and Hospitals Corporation, (2) adding thereto a provision severing the plaintiff's action against the defendant New York City Health and Hospitals Corporation from the plaintiff's action against the defendant Dr. Fernando Escano, (3) adding thereto a provision dismissing the plaintiff's complaint insofar as it is asserted against the defendant New York City Health and Hospitals Corporation, (4) reducing the principal sum awarded to the plaintiff and against the defendant Dr. Fernando Escano to $565,000 ($465,000 representing past hospital and rehabilitation services, and $100,000 representing future hospital services), (5) adding thereto a provision severing the plaintiff's claims for past pain and suffering, future pain and suffering, and future rehabilitation expenses, insofar as those claims are asserted against the defendant Dr. Fernando Escano, and (6) adding thereto a provision granting a new trial on the issue of damages with respect to those claims unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a stipulation consenting (a) to decrease the award for past

pain and suffering to $800,000, (b) to decrease the award for future pain and suffering to $1,200,000, and (c) to decrease the award for future rehabilitative services to $1,696,500; as so modified, the amended judgment entered March 18, 1991, is affirmed; and it is further,

Ordered that the plaintiff's time to serve and file that stipulation is extended until 20 days after the service upon him of a copy of this decision and order, with notice of entry. In the event the plaintiff so stipulates, then the amended judgment, as so reduced and amended, is affirmed; and it is further,

Ordered that the appeal by the defendant New York City Health and Hospitals Corporation from the order dated April 23, 1991, is dismissed as academic; and it is further,

Ordered the order dated April 23, 1991, is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the appellant Dr. Fernando Escano.

The complaint insofar as it is asserted against the defendant New York City Health and Hospitals Corporation must be dismissed. Under the terms of General Municipal Law § 50-e (former [5]), which govern in this case (cf., L 1976, ch 745 [eff Sept. 1, 1976]), the plaintiff's infancy did not extend the time within which he could, with leave of court, serve a late notice of claim (see, Grellet v City of New York, 118 AD2d 141). We do not agree with the plaintiff's argument that the New York City Health and Hospitals Corporation is estopped from raising this defense. Parenthetically, we note that, under the law applicable to this case, Dr. Escano may not benefit from that defense (see, Bender v Jamaica Hosp., 40 NY2d 560).

We find that $195 per day, rather than $740 per day, is the more reasonable base figure from which to begin a calculation of the expenses likely to be incurred by the plaintiff for future rehabilitative services. Based on a life expectancy of 23 years and 10 months, we conclude that the weight of the evidence supports an award for future rehabilitative services in a sum no greater than $1,696,500. We also find that the jury's award for past and future pain and suffering was excessive to the extent indicated. A new trial on these three claims is granted, unless the plaintiff stipulates as indicated.

Since the action against the New York City Health and Hospitals Corporation has been dismissed, and because the 3% interest rate provided for in McKinney's Unconsolidated Laws

of NY § 7401 would apply only to it, we conclude that the clerk may properly calculate the interest on the judgment against Dr. Escano using the rate of 9%. The order dated April 23, 1991, is therefore affirmed insofar as reviewed on the appeal by Dr. Escano.

We have examined the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.