*866
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of Supreme Court should be modified, without costs, by imposing the 3% interest rate on the judgment, as prescribed in McKinney’s Unconsolidated Laws of NY § 7401 (5) and (6) (New York City Health and Hospitals Corporation Act § 20 [5], [6]; L 1969, ch 1016, § 1, as amended) in conjunction with General Municipal Law § 50-k; the judgment and orders otherwise brought up for review should be affirmed in all other respects, without costs.
 

 Appellant New York City Health and Hospitals Corporation (NYCHHC) is ultimately the real defendant in interest under the judgment because it must indemnify its employee, defendant Doctor Escaño. The Appellate Division ruled that:
 

 "Since the action against the New York City Health and Hospitals Corporation has been dismissed, and because the 3% interest rate provided for in McKinney’s Unconsolidated Laws of NY § 7401 would apply only to it, we conclude that the clerk may properly calculate the interest on the judgment against Dr. Escaño using the rate of 9%” (186 AD2d 621, 623-624).
 

 We disagree with that portion of its ruling. The rate of interest on judgments is 9% per annum (CPLR 5004), except where otherwise provided by statute. Here, section 7401 (5) prescribes a 3% rate of interest against NYCHHC with respect to any judgment or accrued claim it is obligated to satisfy. The provisions are not inconsistent and the particular one, calling for 3% under ordinary canons of statutory construction, should prevail.
 

 Plaintiffs argument that there is neither a judgment nor an accrued claim pending against NYCHHC, as specified by section 7401 (5), cannot prevail. A de facto accrued claim exists against NYCHHC because it is inevitably and unavoidably responsible to its indemnitee, Doctor Escaño. The essential purpose of the statute should prevail over pure formalism.
 

 Since NYCHHC must indemnify its officers and employees pursuant to General Municipal Law § 50-k and since any judgment payable under that provision shall be payable from the public moneys of the corporation (McKinney’s Uncons Laws of NY §7401 [6], added by L 1979, ch 673, §9), NYCHHC stands in place of its employee, Doctor Escaño. Ultimately NYCHHC cannot escape payment of the judgment
 
 *867
 
 at issue against Doctor Escaño and, thus, becomes by operation of law the real party in interest, obligated to pay only the 3% interest. The otherwise affirmed judgment against Doctor Escaño should bear that lower rate of interest.
 

 We have reviewed all other arguments, pertinent and reviewable under this Court’s grant of leave to appeal, and conclude that they are without merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa, Smith and Levine concur.
 

 Judgment of Supreme Court and orders of the Appellate Division brought up for review modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.