■ Michael Gorey, by His Father and Natural Guardian, Thomas Gorey, et al., Respondents, v P. Chimento Company, Inc., et al., Respondents, and C & L Auto Service, Inc. Appellant. [631 NYS2d 942] —In an action to recover damages for personal injuries, the defendant C & L Auto Service, Inc., appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated June 21, 1994, which denied its motion for summary judgment dismissing the complaint and all cross claims against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as they are asserted against the defendant C & L Auto Service, Inc., and the action against the remaining defendants is severed.

The plaintiff was riding his bicycle eastbound on Hempstead Turnpike next to a truck traveling in the same direction and sustained injuries when he was hit by the truck as it made a right turn onto Meacham Avenue. The appellant, an automotive shop located at the corner where the accident occurred, had placed a sign on the sidewalk in the proximity of the shop advertising the prices for various services. The plaintiff alleged that the sign obstructed the view of motor vehicles traveling on Hempstead Turnpike and seeking to make a right turn onto Meacham Avenue.

The plaintiff was unable to present any evidence to chal-

lenge the truck driver's testimony at an examination before trial that his view was unobstructed and that he did not even notice the sign. Although determinations as to causation are generally left for the trier of fact, it is the function of the court to determine if a prima facie case of causation has been established in the first instance *(see, Campbell v State of New York,* 158 AD2d 499, 500). Since the plaintiff failed to demonstrate the existence of material issues of fact capable of being established at trial, and it cannot be inferred that the sign was a proximate cause of the accident on the unchallenged facts of this motion *(see, Pahler v Daggett,* 170 AD2d 750, 751-752; *Zuckerman v City of New York,* 49 NY2d 557, 559), the Supreme Court erred in denying the appellant's motion for summary judgment. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.