■ LUIS HERNANDEZ et al., Respondents-Appellants, v MELRO COMPANY et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. SMART GIRL CUTTING, INC., Third-Party Defendant-Respondent. [646 NYS2d 44] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Hutcherson, J. [Yoswein, J. at liability trial]), entered November 30, 1994, as, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $965,000. The plaintiffs cross-appeal from so much of the same judgment as reduced the jury's award to the plaintiff Maria Hernandez from $400,000 to $100,000 for loss of services.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

CPLR 5501 (c) provides that "the appellate division shall determine that an award is excessive or inadequate if it deviates materially from what would be reasonable compensation". The record reveals that the plaintiff Luis Hernandez fell into an open elevator shaft sustaining severe personal injuries, including a comminuted fracture of the upper portion of the humerus and the loss of 50% of his nose. Mr. Hernandez has undergone numerous surgical procedures, with more to occur in the future, and has been confined to the hospital and to bed intermittently for substantial periods of time since the accident. Further, Mr. Hernandez has suffered from clinical depression, affecting his relationships and his ability to work. We find that the award for pain and suffering and future medical expenses did not deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]).

The reduced award to the plaintiff Maria Hernandez on her cause of action to recover damages for loss of services was not inadequate and did not deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]).

The parties' remaining contentions are without merit. Rosenblatt, J. P., Ritter, Pizzuto and Hart, JJ., concur.