■ CARLTON O'BRIEN et al., Appellants, v CITY OF NEW YORK et al., Respondents. [647 NYS2d 561] —In a negligence action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated August 17, 1994, which, upon a jury verdict in favor of the plaintiffs and against the defendants, (1) granted the posttrial motion of the defendant City of New York to dismiss the plaintiffs' complaint insofar as asserted against it, (2) granted the motion of the defendant James Williams to set

aside the verdict as to damages on the ground that it deviated materially from what would be reasonable compensation, and (3) ordered a new trial on the apportionment of liability and damages.

Ordered that the order is modified, on the facts and as an exercise of discretion, by adding to the second decretal paragraph thereof, after the words "is granted" the following: "unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages from the sum of $39,327,800 ($4,750,000 for future loss of earnings, $500,000 for past pain and suffering, $8,800,000 for future pain and suffering, $500,000 for past medical costs, and $24,777,800 for special future damages) to the sum of $4,000,000 ($1,000,000 for future loss of earnings, $300,000 for past pain and suffering, $1,400,000 for future pain and suffering, $300,000 for past medical costs, and $1,000,000 for special future damages), and to the entry of a judgment accordingly after a new trial on the issue of apportionment of liability"; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs' contention that the defendant City of New York (hereinafter the City) was liable for the plaintiff Kerwin O'Brien's injuries is without merit. It is well settled that the decision to install a traffic control device is a discretionary governmental function which will not expose a municipality to liability (*see, Weiss v Fote,* 7 NY2d 579; *Harford v City of New York,* 194 AD2d 519). If the City determines that a traffic control device is necessary to remedy a dangerous condition, it must act with reasonable speed to correct the condition as it may also be held liable when there is an unjustified delay in implementing its remedial plan (*see, Friedman v State of New York,* 67 NY2d 271, 286). Here, the City undertook a study of the intersection. The City, however, had not completed the study at the time of the accident. Therefore, the City cannot be held liable for Kerwin's injuries (*see, Harford v City of New York, supra,* at 520).

In addition, the City was not negligent in failing to install multi-way stop signs as an interim safety measure. The Court of Appeals stated that "something more than a mere choice between conflicting opinions of experts is required before the State or one of its subdivisions may be charged with failure to discharge its duty to plan highways for the safety of the traveling public" (*Weiss v Fote,* 7 NY2d 579, 588, *supra*). Here, one of

the expert witnesses unequivocally testified that he considered using multi-way stop signs as an interim measure. He decided, however, not to install the multi-way stop signs because he believed that they would cause an increase in the number of accidents. Thus, the City cannot be held liable under these circumstances.

We do find, however, that the damages awarded were excessive to the extent indicated, in that they deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Ebert v New York City Health & Hosps. Corp.,* 186 AD2d 621, *mod on other grounds* 82 NY2d 863).

The plaintiffs' remaining contentions are without merit. Thompson, J. P., Altman, Hart and Florio, JJ., concur.