■ JOANN DiMARCO et al., Respondents-Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant-Respondent. [669 NYS2d 51] —In an action to recover damages, *inter alia,* for personal injuries based on medical malpractice, the defendant New York City Health and Hospitals Corporation appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Bellard, J.), dated February 27, 1996, as directed that a proposed judgment submitted by the plaintiffs be entered, and (2) so much of a judgment of the same court, dated March 6, 1996, as, upon a jury verdict awarding the plaintiff Frank DiMarco $2,000,000 for past pain and suffering and $2,500,000 for future pain and suffering, and awarding the plaintiff Joann DiMarco $1,000,000 for past loss of services and $1,000,000 for future loss of services, and upon reducing those amounts by 10% based upon the jury's subsequent verdict finding that the plaintiff Frank DiMarco was 10% at fault for his injuries, is in favor of the plaintiffs and against it. The plaintiff Joann DiMarco, individually and as guardian ad litem of the plaintiff Frank DiMarco, cross-appeals, as limited by her brief, (1) from so much of the

judgment as reduced the jury verdict by 10% for the fault of Frank DiMarco, and (2), on the ground of inadequacy, from so much of the judgment as awarded the plaintiff Frank DiMarco the sum of $1,035,360 ($1,150,400 reduced by 10%) for future medical expenses.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the facts and as a matter of discretion, with costs to the defendants, by (1) deleting the provisions thereof which reduced the jury verdict by 10% based on the fault of the plaintiff Frank DiMarco, and (2) deleting the provisions thereof which awarded judgment as to past and future pain and suffering for the plaintiff Frank Di-Marco and past and future loss of services for the plaintiff Joann DiMarco and substituting therefor a provision severing the plaintiff Frank DiMarco's causes of action to recover damages for past and future pain and suffering and the plaintiff Joann DiMarco's causes of action to recover damages for past and future loss of services, and granting a new trial with respect thereto, unless within 30 days after service upon them of a copy of this decision and order, with notice of entry, the plaintiff Joann DiMarco, individually and as guardian ad litem of the plaintiff Frank DiMarco, shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past and future pain and suffering for the plaintiff Frank Di-Marco from the sum of $4,500,000 to the sum of $2,800,000 ($1,300,000 for damages for past pain and suffering and $1,500,000 for damages for future pain and suffering) and to reduce the verdict as to damages for past and future loss of services for the plaintiff Joann DiMarco from the sum of $2,000,000 to the sum of $1,250,000 ($500,000 for past loss of services and $750,000 for future loss of services), and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff Joann DiMarco, individually and as guardian ad litem for the plaintiff Frank DiMarco, so stipulates, then the judgment, as so modified, reduced, and amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 501 [a] [1]).

After the jury returned its verdict, the trial court, over the plaintiffs' objection, asked the jury to deliberate on the issue of comparative negligence. Upon re-deliberation, the jury found the plaintiff Frank DiMarco 10% at fault for his injuries. The trial court subsequently reduced the jury's verdict by 10%.

On appeal, the plaintiffs contend that the trial court erred in delivering the comparative negligence charge. The defendant agrees with this argument. The plaintiffs correctly argue that the alleged negligence of Frank DiMarco prior to coming to the hospital is not relevant since the defendant's liability extends only to that portion of Frank DiMarco's injuries attributable to the defendant's malpractice (see, Mendoza v Kaplowitz, 215 AD2d 735). Accordingly, the court improperly reduced the jury verdict by 10%.

Contrary to the plaintiffs' contention, the award for future medical expenses was supported by the evidence adduced at trial and was not inadequate.

We find that the awards for past and future pain and suffering and past and future loss of services were excessive to the extent indicated. Thompson, J. P., Joy, Florio and Luciano, JJ., concur.