■ ESTEBAN R. NEVAREZ et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents, et al., Defendants. [670 NYS2d 486] —Order, Supreme Court, Bronx County (Bernard Burstein, J.), entered December 14, 1994, which granted motions by defendants, New York City Health and Hospitals Corporation and Union Hospital, to set aside a jury verdict in favor of plaintiffs in the total amount of $10,209,724, and dismissed the complaint as against the moving defendants, unanimously modified, on the law and the facts, the motions denied insofar as each seeks to set aside the verdict

as to liability and to dismiss the complaint, and the jury's verdict reinstated as to liability and damages for pain and suffering of $2,000,000, past hospital care of $39,522 and future medical and hospital care for 29.3 years of $216,250, and the motions granted insofar as each seeks to set aside the award of damages as excessive to the extent that the award of damages for future custodial care over 29.3 years in the amount of $4,796,483 and future loss of earnings over 36 years in the amount of $3,157,469 is vacated and the matter remanded for a new trial as to damages for future custodial care and future loss of earnings only and otherwise affirmed, without costs, unless, within 30 days of service upon plaintiffs of a copy of this decision and order with notice of entry, plaintiffs serve and file in the office of the Clerk of the Supreme Court, Bronx County, a written stipulation consenting to reduction of the award for future custodial care to $2,500,000 and for future loss of earnings to $1,500,000, in which event the order as so modified is affirmed, without costs, and the matter remanded for entry of judgment with due consideration of CPLR article 50-A.

On July 13, 1978, Sonya Reyes, the plaintiff-mother, complained to her obstetrician, defendant Carlos Mendez, M.D., at a scheduled office visit, that she was having labor pains, although she was two months short of carrying to full term. Dr. Mendez sent her home, but told her that if the pains continued, she should go to Union Hospital. Later that evening, when the contractions were stronger and she was bleeding, her brother, Jose Reyes, took her to Union Hospital at 11:00 P.M.

Ms. Reyes and her brother did not go to the emergency room, but rather to the information desk, where Mr. Reyes advised a non-medical employee that Ms. Reyes (who did not speak English) was having labor pain and was bleeding, and asked for Dr. Mendez. The desk clerk reached Dr. Mendez, who responded that he was with a patient and that Ms. Reyes should wait for him. After 1½ hours, Mr. Reyes again notified the desk clerk of Ms. Reyes's condition and they were again told to wait for Dr. Mendez.

At about 2:00 A.M. on July 14, Dr. Mendez examined Ms. Reyes and determined that she was going to deliver prematurely, and told her she would have to go to Jacobi Hospital (sued herein as New York City Health and Hospitals Corporation) because Union Hospital did not have adequate facilities to cope with such an early birth. At about 2:30 A.M., Ms. Reyes was escorted back to the area by the information desk to await an ambulance. An ambulance was called for at 4:39 A.M.

Ms. Reyes arrived at Jacobi Hospital at 4:54 A.M. An emer-

gency room examination revealed a probable breach presentation. Ms. Reyes was brought to the delivery room at 5:20 A.M., and formally admitted as a patient at 5:25 A.M. The infant plaintiff was delivered by Caesarian section at 6:41 A.M.

The child was born weighing just three pounds. He suffers from cerebral palsy and is severely retarded, a spastic quadriplegic and blind, among other disabilities. Plaintiffs' experts testified that the condition of the child at birth evidenced pre-delivery hypoxia, occurring 30 to 45 minutes before the child was born, and that, if he had been born 30 minutes earlier, he would likely have been normal. The jury determined that the infant plaintiff's injuries were due to hypoxia prior to birth and that Union Hospital was negligent in failing to refer Ms. Reyes to the emergency room or an obstetrical area when it had knowledge that Dr. Mendez was unavailable and in failing to timely arrange for her to be transported to Jacobi Hospital. The jury found that Jacobi Hospital departed from accepted medical practice in failing to perform a Caesarian section prior to 5:45 A.M.

The trial court erred in vacating the verdict against Union and Jacobi Hospitals on the question of liability. As to Union Hospital, the jury could reasonably find that, given Ms. Reyes's condition, a direction from her physician resulting in her waiting three hours for an evaluation should have been countermanded, or at least inquired into, by hospital staff. The jury could find as well that Union Hospital breached its duty of care in failing to arrange for an earlier ambulance to take Ms. Reyes to Jacobi Hospital.

As to Jacobi Hospital, the trial court improperly substituted its judgment for the jury in finding that an emergency was not indicated due to a lack of evidence of fetal distress when Ms. Reyes arrived at Jacobi Hospital. In addition, contrary to the view of the trial court, the jury could find, based on the testimony by plaintiffs' experts, that there was fetal hypoxia as the result of cord compression. The blood pH readings, relied upon by the trial court, did not conclusively demonstrate post-birth hypoxia.

The award of $4,796,483 for future custodial care and $3,157,469 for loss of future earnings, however, deviates materially from what is reasonable compensation under the circumstances and is excessive to the extent indicated above (*see,* CPLR 5501 [c]; *O'Brien v City of New York,* 231 AD2d 698, 700, *lv dismissed* 89 NY2d 1026; *Velez v Empire Med. Group,* 201 AD2d 640; *Cruz v Mt. Sinai Hosp.,* 191 AD2d 325; *see also, Ebert v New York City Health & Hosps. Corp.,* 186

AD2d 621, *mod on other grounds* 82 NY2d 863; *cf., Pay v State of New York*, 213 AD2d 991, *revd in part on other grounds* 87 NY2d 1011).

We finally note that the trial court indicated in its decision that CPLR articles 50-A and 50-B do not apply here. However, unless there has been an agreement by the parties to the contrary (*see,* CPLR 5031 [f]), which cannot be determined on the present record, it appears that article 50-A, providing for periodic payment of judgments in medical malpractice actions, applies to the present action. However, that issue is best left for determination by the trial court.

Motion for modification/reargument granted and this Court's unpublished decision and order entered on October 28, 1997 (Appeal No. 61577) is recalled and vacated and a new decision and order, decided simultaneously herewith, is substituted therefor. Concur—Milonas, J. P., Rubin, Tom and Andrias, JJ.