■ FRANK DRISCOLL, JR., Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [691 NYS2d 110] —Renewal motion by the appellant, in effect, for reargument of an appeal from a judgment of the Supreme Court, Kings County, entered May 30, 1997, which was determined by decision and order of this Court dated December 16, 1998.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that, upon reargument, the unpublished decision and order on motion of this Court dated February 16, 1999, in the above-entitled action is recalled and vacated; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated December 16, 1998, in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the defendant, New York City Transit Authority, appeals from so much of a judgment of the Supreme Court, Kings County (Steinhardt, J.), entered May 30, 1997, as, upon a jury verdict on the issue of liability finding it 30% at fault in the happening of the accident and the plaintiff 70% at fault, and a jury verdict finding that the plaintiff sustained damages in the sums of $5,000,000 for past pain and suffering, $10,000 for past loss of earnings, $23,000,000 for future medical expenses, $5,000,000 for future pain and suffering, and $2,835,000 for future loss of earnings, is in favor of the plaintiff awarding him damages of $1,500,000 for past pain and suffering (30% of $5,000,000), $3,000 for past loss of earnings (30% of $10,000), $6,900,000 for future medical expenses (30% of $23,000,000), $1,500,000 for future pain and suffering (30% of $5,000,000), and $850,500 for future loss of earnings (30% of $2,835,000).

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages for past pain and suffering, future pain and suffering, and future medical expenses only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for past pain and suffering from the sum of $5,000,000 to the sum of $900,000, for future pain and suffering from the sum of $5,000,000 to the sum of $1,100,000, and for future medical expenses from the sum of $23,000,000 to the sum of $2,500,000, and to the entry of an amended judgment accordingly awarding damages, *inter alia*, for past pain and suffering in the sum of $270,000 (30% of $900,000), for future pain and suffering in the sum of $330,000 (30% of $1,100,000), and for future medical expenses in the sum of $750,000 (30% of $2,500,000); in the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed insofar as appealed from, without costs or disbursements. The jury's findings of fact with

respect to damages for past and future loss of earnings are affirmed.

While he was on the tracks at the Nevins Street station in Brooklyn the then-19-year-old plaintiff was struck by a non-passenger revenue subway train operated by the defendant. He sustained severe, permanent injuries, including damages to his spine which rendered him a quadriplegic.

The defendant contends that certain statements made by the plaintiff, by shaking or nodding his head, in response to a detective's questions, should have been admitted into evidence as admissions. However, given the plaintiff's medical condition, which prompted the detective to end the interview, it cannot be said that the plaintiff had the capacity to make any admissions at that time.

The jury verdict on the issues of past and future pain and suffering and future medical expenses deviates materially from what would be reasonable compensation (*see, Harvey v Mazal Am. Partners,* 79 NY2d 218, 225) and is excessive to the extent indicated (*see generally, DiMarco v New York City Health & Hosps. Corp.,* 247 AD2d 574; *O'Brien v City of New York,* 231 AD2d 698; *Chung v New York City Tr. Auth.,* 213 AD2d 619; *Ebert v New York City Health & Hosps. Corp.,* 186 AD2d 621, *mod* 82 NY2d 863; *Sullivan v Locastro,* 178 AD2d 523).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J. P., Thompson, Krausman and Joy, JJ., concur.