■ ADELE RUBINFELD et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendant. [692 NYS2d 706] —In an action to recover damages for personal injuries, etc., the defen-

dant City of New York, and the defendants Yosef Odani, and Eliahu Odani separately appeal from a judgment of the Supreme Court, Kings County (Kramer, J.), dated April 21, 1998, which, *inter alia*, upon the denial of the motion of the defendant City of New York made at the close of the plaintiffs' case, to dismiss the complaint insofar as asserted against it, and upon a jury verdict on the issue of liability finding the plaintiff Adele Rubinfeld 40% at fault in the happening of the accident, the defendant City of New York 20% at fault, and the defendants Yosef Odani and Eliahu Odani 40% at fault, and upon a jury verdict on the issue of damages finding that the plaintiff Adele Rubinfeld had sustained damages in the sum of $8,060,000 ($5,500,000 for past pain and suffering, $2,000,000 for future pain and suffering, $300,000 for past lost earnings, and $260,000 for future medical expenses), and finding that the plaintiff Milton Rubinfeld had sustained damages in the sum of $25,000 for loss of services, and upon the stipulation of the plaintiff Adele Rubinfeld to reduce the verdict as to damages for past pain and suffering from $5,500,000 to $5,000,000 and for future pain and suffering from $2,000,000 to $1,500,000, is in favor of the plaintiff Adele Rubinfeld and against them in the principal sum of $3,505,356.34 (consisting of $3,000,000 for past pain and suffering, $180,000 for past lost earnings, the first $250,000 of future damages, and installments due pursuant to the annuities for payment of future damages for a period of 18 months between the verdict and the judgment), and in favor of the plaintiff Milton Rubinfeld and against them in the principal sum of $15,000.

Ordered that the judgment is reversed, on the law, the complaint is dismissed insofar as asserted against the defendant City of New York, the action against the remaining defendants is severed, and a new bifurcated trial is granted against those defendants on the issues of liability and damages, with costs to abide the event.

The plaintiff Adele Rubinfeld was injured when she was struck by a vehicle as she crossed the intersection of Avenue O and East 17th Street in Brooklyn. Adele testified that before walking across the street, she looked at the pedestrian "walk/don't walk" signal on the northeast corner, and saw that it "was blank". She waited for the signal to illuminate and, after approximately 10 seconds, decided that it was broken. She then walked back approximately 25 feet to observe the overhanging traffic light which she alleged was not visible from her original vantage point. She then proceeded back to the corner, again checked the still unilluminated "walk/don't walk" signal,

looked in both directions, and began to cross the street at a "moderate/brisk" pace. After passing the middle of the intersection, she was struck by a car owned by the defendant Eliahu Odani and operated by the defendant Yosef Odani.

Under these circumstances, we conclude that the inoperative status of the "walk/don't walk" signal was not the proximate cause of Adele's accident and thus there is no basis for liability against the defendant City of New York. Although the issue of proximate cause is generally one to be determined by the finder of fact, it is the function of the court to determine if a prima facie case of causation has been established in the first instance (*see, Gorey v Chimento Co.,* 220 AD2d 482; *Campbell v State of New York,* 158 AD2d 499). Moreover, it is well settled that to establish a prima facie case, a plaintiff must show that "defendant's negligence was a substantial cause of the events which produced the injury" (*Derdiarian v Felix Contr. Co.,* 51 NY2d 308, 315; *see, Kush v City of Buffalo,* 59 NY2d 26).

In the case at bar, it is clear that Adele was aware that the "walk/don't walk" signal was not functioning, that she determined the status of permissible vehicle movement by observing the still-operational overhead traffic control light, and that she looked both ways before attempting to cross the street. Thus, Adele did not rely upon the signal in making her decision as to when or even whether to cross this particular street. Furthermore, the signal's failure to illuminate, standing alone, did not render dangerous the otherwise reasonably safe condition of the intersection (*see, Thompson v City of New York,* 78 NY2d 682, 685). Accordingly, Adele failed to establish a prima facie case of causation regarding the City's alleged negligence in not properly maintaining the "walk/don't walk" signal and thus the complaint should have been dismissed insofar as asserted against the City.

The verdict of the jury on the issue of damages, as amended by stipulation, deviated materially from what would be reasonable compensation for the injuries sustained by the plaintiffs. Accordingly, we have granted a new trial on damages as well as on the issue of liability.

In light of the above, we deem it unnecessary to reach any of the appellants' remaining contentions. O'Brien, J. P., Santucci, Altman and H. Miller, JJ., concur.