■ LILLIAN PARSON, Respondent, v INTERFAITH MEDICAL CENTER, Appellant, et al., Defendant. [700 NYS2d 224] —In an action to recover damages for wrongful death and conscious pain and suffering, the defendant Interfaith Medical Center appeals from (1) an order of the Supreme Court, Kings County (Patterson, J.), dated July 16, 1998, which denied its motion

pursuant to CPLR 4404 (a) to, *inter alia*, set aside a jury verdict in favor of the plaintiff and against it on the issue of liability, and a jury verdict awarding the plaintiff $130,000 for past medical expenses and $1,000,000 for past pain and suffering, and (2) a judgment of the same court, entered August 26, 1998, which, upon those verdicts, is in favor of the plaintiff and against it in the principal sum of $1,130,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law and the facts, with costs, and a new trial is granted on the issue of damages for conscious pain and suffering only, unless within 30 days after service upon her of a copy of this decision and order with notice of entry, the plaintiff shall file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for conscious pain and suffering from $1,000,000 to $400,000, and to the entry of an appropriate amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the defendant's contention, the jury verdict on the issue of whether the defendant Interfaith Medical Center (hereinafter the hospital) departed from good and accepted medical practice in failing to provide appropriate nursing care to the decedent, and whether that departure was a substantial contributing factor in causing the decedent's death, rests upon a fair interpretation of the evidence, and is not against the weight of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744; *Altman v Alpha Obstetrics & Gynecology,* 255 AD2d 276; *Nicastro v Park,* 113 AD2d 129). At trial the plaintiff's expert testified that where the decedent entered the hospital with skin breakdown, it was a departure from good and accepted nursing practice to, *inter alia,* massage the skin, use a sheepskin sheet, and delay in providing a proper mattress to promote healing. Based upon the evidence adduced at trial the jury could have concluded that the negligent nursing practices were a substantial contributing factor to the development of the decedent's numerous bed sores and were a cause of her

death (*see, Bleiler v Bodnar,* 65 NY2d 65, 72; *Ellinghusen v Flushing Hosp. & Med. Ctr.,* 143 AD2d 217).

The award for conscious pain and suffering in the amount of $1,000,000 deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]) to the extent indicated herein.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Joy, Goldstein, and McGinity, JJ., concur.