■ DESIREE RIOS, Respondent, v FRANK SMITH, JR., et al., Defendants, and THEODORE PERSICO, Also Known as TEDDY PERSICO, Appellant. [700 NYS2d 226] —In an action to recover damages for personal injuries, the defendant Theodore Persico, a/k/a Teddy Persico appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated March 6, 1998, as denied that branch of his motion which was to set aside the verdict as to liability, and granted that branch of his motion pursuant to CPLR 4404 which was to set aside the jury verdict as to damages only to the extent of reducing the verdict as to damages for past pain and suffering from the sum of $6,800,000 to the sum of $2,750,000, and for future pain and suffering from the sum of $2,250,000 to the sum of $1,250,000.

Ordered that the order is modified, on the facts and as an exercise of discretion, by deleting the provision thereof granting that branch of the motion which was to set aside the jury verdict as to damages to the extent of reducing the verdict as to damages for past pain and suffering from the sum of $6,800,000 to $2,750,000, and for future pain and suffering from the sum of $2,250,000 to $1,250,000, and substituting therefor a provision granting that branch of the motion in its entirety and granting a new trial on the issue of damages unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $6,800,000 to the sum of $2,000,000, and for future pain and suffering from the sum of $2,250,000 to the sum of $1,000,000, and to the entry of an appropriate judgment accordingly; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the plaintiff's time to serve and file the stipulation consenting to a reduction in the verdict is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.

Contrary to the appellant's contention, sufficient evidence

was presented at trial to support the jury's determination that the appellant negligently entrusted a dangerous instrument to a friend of his son (*see, Nolechek v Gesuale,* 46 NY2d 332; *Alessi v Alessi,* 103 AD2d 1023). Moreover, the verdict was not against the weight of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129).

However, we find that the damages award for past and future pain and suffering is excessive to the extent indicated in that it deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

The appellant's remaining contention is not properly before us on this appeal. Thompson, J. P., Joy, McGinity and Feuerstein, JJ., concur.