■ Victor Tuitt et al., Respondents, v Midwood Auto Rental & Leasing Corp. et al., Appellants. [703 NYS2d 728] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Shaw, J.), entered September 28, 1998, which, upon a jury verdict on the issue of liability and a jury verdict awarding damages, is in favor of the plaintiff Victor Tuitt and against them in sum of $1,075,000 ($575,000 for past pain and suffering and $500,000 for future pain and suffering), and in favor of the plaintiff Maria Tuitt and against them in the sum of $20,000 ($10,000 for past loss of services and $10,000 for future loss of services).

Ordered that the judgment is affirmed, with costs.

The appeal arises out of an automobile accident in which the plaintiff Victor Tuitt sustained, *inter alia,* multiple fractures to his cervical and thoracic vertebrae. As a result of those injuries, the plaintiff was required to wear a halo device, which was secured by four screws drilled into his skull, without the aid of anesthesia, for five and one-half months. The device also left four visible scars on the plaintiff's head. The plaintiff had been a jockey for 25 years before becoming a minister, and occasionally still helped to train horses. After the accident, he could no longer engage in horseback riding, jogging, basketball, or football. He could not help his wife with such normal household tasks as driving, laundry, cooking, and shopping, all of which he did before his accident. He was in constant pain.

The jury's verdict on the issue of damages is not against the weight of the evidence, since it was premised on a fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129). Moreover, the award of damages was not excessive, since it did not deviate materially from what would be reasonable compensation under the circumstances (*see,* CPLR 5501; *Seidner v Unger,* 245 AD2d 362; *Brown v Stark,* 205 AD2d 725; *Orris v West,* 189 AD2d 866). Santucci, J. P., Joy, S. Miller and H. Miller, JJ., concur.