■ SHAYE LIEBERMAN et al., Respondents-Appellants, v MAI-MONIDES MEDICAL CENTER et al., Defendants, and JEROME SIEGEL, Appellant-Respondent. [717 NYS2d 254] —In an action to recover damages for medical malpractice, etc., the defendant Jerome Siegel appeals from a judgment of the Supreme Court, Kings County (Clemente, J.), entered July 8, 1999, which, upon a jury verdict finding him 60% at fault in causing the plaintiffs' injuries, the defendant Lawrence Feuerman 10% at fault, the defendant Felix Siegman 10% at fault, the defendant George Greenberger 10% at fault, and the defendant Henry Steiner 10% at fault, and awarding the plaintiff Shaye Lieberman $5,500,000 for past pain and suffering and $5,500,000 for future pain and suffering, and the plaintiff Lillian Lieberman $500,000 for past loss of services and $500,000 for future loss of services, and upon an order of the same court dated November 23, 1998, granting that branch of his motion pursuant to CPLR 4404 which was to set aside the verdict as to damages and order a new trial on damages unless the plaintiffs stipulated to reduce the verdict as to the damages awarded the plaintiff Shaye Lieberman for past pain and suffering from the sum of $5,500,000 to the sum of $1,000,000, and for future pain and suffering from the sum of $5,500,000 to the sum of $2,000,000, and reducing the damages awarded to the plaintiff Lillian Lieberman for past loss of services from the sum of $500,000 to the sum of $150,000 and for future loss of services from the sum of $500,000 to the sum of $300,000 and, upon the plaintiffs' stipulation, is in favor of the plaintiffs and against him, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same judgment as (1) awarded the plaintiff Shaye Lieberman the principal sum of only $600,000 (60% of $1,000,000) for past pain and suffering, (2) awarded them a lump sum payment for future damages in the sum of only $150,000 ($130,440 to Shaye Lieberman, and $19,560 to Lillian Lieberman), and (3) computed the amount of an attorney's fee to which the plaintiffs' counsel is entitled.

Ordered that the cross appeal from so much of the judgment as awarded the plaintiff Shaye Lieberman the principal sum of $600,000 for past pain and suffering and computed the amount of the attorney's fee to which the plaintiffs' counsel is entitled is dismissed, as the plaintiffs are not aggrieved by those portions of the judgment (*see, Donohoe v Goldner,* 168 AD2d 412; *Scopelliti v Town of New Castle,* 92 NY2d 944); and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the

Supreme Court, Kings County, for the entry of an appropriate amended judgment in accordance herewith.

The jury determined that the defendant Dr. Jerome Siegel departed from good and accepted medical practice in failing to recognize that a perforation had occurred during the procedure he performed on the plaintiff Shaye Lieberman (hereinafter the plaintiff), and that the departure was a substantial contributing factor in causing the injuries of the plaintiff. Contrary to Dr. Siegel's contention, the verdict rests upon a fair interpretation of the evidence, and is not contrary to the weight of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744; *Altman v Alpha Obstetrics & Gynecology,* 255 AD2d 276; *Nicastro v Park,* 113 AD2d 129). Dr. Siegel's contention that he was prejudiced by reason of the plaintiffs' summation is without merit.

Furthermore, the damage awards for past and future pain and suffering and past and future loss of services, as reduced by the Supreme Court, do not deviate materially from what would be reasonable compensation (*see generally, Tuitt v Midwood Auto Rental & Leasing Corp.,* 269 AD2d 525; *Rios v Smith,* 267 AD2d 369; *Parson v Interfaith Med. Ctr.,* 267 AD2d 367; *DeRosa v Kaali,* 240 AD2d 534; *Meyers v City of New York,* 230 AD2d 691; *DeLeonibus v Scognamillo,* 238 AD2d 301; *Walsh v State of New York,* 232 AD2d 939; *Hernandez v Melro Co.,* 229 AD2d 565; *Stiuso v City of New York,* 228 AD2d 663; *Ebert v New York City Health & Hosps. Corp.,* 186 AD2d 621, *mod* 82 NY2d 863; *Kirschhoffer v Van Dyke,* 173 AD2d 7; *Gallo v Supermarkets Gen. Corp.,* 112 AD2d 345).

However, the Supreme Court erred in calculating the judgment by limiting the size of the lump sum payments that the defendant was required to make (*see,* CPLR art 50-A). The CPLR does not provide for any set-off against a $250,000 lump sum payment to which a plaintiff is entitled based on payments received from other settling defendants. Furthermore, it was error for the Supreme Court to find that the plaintiffs were only entitled to one lump sum payment to be apportioned between them (*see, Adamy v Ziriakus,* 92 NY2d 396, 404). Shaye Lieberman is entitled to a lump sum payment of $250,000 as part of his award for future damages in accordance with CPLR 5031(b). Lillian Lieberman, who stipulated to reduce her award for future damages to $300,000, is entitled to full payment of her award for future damages of $180,000 (60% of $300,000) in a lump sum payment in that amount. Accordingly, the matter is remitted to the Supreme Court, Kings County, for the entry of an amended judgment awarding Shaye

Lieberman the lump principal sum of $600,000 for past pain and suffering, the lump principal sum of $250,000 for future pain and suffering, and a structured sum for the remainder of the damages to which he is entitled for future pain and suffering, and awarding Lillian Lieberman the lump principal sum of $90,000 for past loss of services and the lump principal sum of $180,000 for future loss of services, together with appropriate provisions in favor of the plaintiffs for interest, costs, and disbursements. Santucci, J. P., Sullivan, McGinity and Luciano, JJ., concur.