■ LINDA DAVIS et al., Respondents-Appellants, v CITY OF NEW YORK, et al., Appellants-Respondents, et al., Defendant. [741 NYS2d 108] —In an action to recover damages for personal injuries, etc., the defendants City of New York and Jack Goldberg separately appeal, and the plaintiffs cross-appeal on the ground of inadequacy, as limited by their respective briefs, from so much of a judgment of the Supreme Court, Kings County (Martin, J.), entered October 24, 2000, as, upon a jury verdict on the issue of liability finding the defendant City of New York 23% at fault in the happening of the accident and the defendant Jack Goldberg 77% at fault, and upon a jury verdict finding that the plaintiff Dashaun Davis Febres sustained damages in the sums of $1,000,000 for past pain and suffering and $500,000 for future loss of enjoyment, the plaintiff Denora Davis sustained damages in the sums of $2,000,000 for past pain and suffering and $750,000 for future loss of enjoyment, and the plaintiff Linda Davis sustained damages in the sums of $6,000,000 for past pain and suffering and $6,000,000 for future loss of enjoyment, is in favor of the plaintiffs and against them.

Ordered that the judgment is reversed with respect to the plaintiff Dashaun Davis Febres insofar as appealed from, on the facts and as an exercise of discretion, with costs payable by the plaintiff Dashaun Davis Febres, and a new trial is granted on the issue of damages for past pain and suffering and future loss of enjoyment only, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, he shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages sustained by him for past pain and suffering from the sum of $1,000,000 to the sum of $400,000 and for future loss of enjoyment from the sum of $500,000 to the sum of $100,000, and to the entry of an appropriate amended judgment; in the event that the plaintiff Dashaun Davis Febres so stipulates, then the judgment with respect to him, as so decreased and amended, is affirmed insofar as appealed and cross-appealed from, without cost or disbursements; and it is further,

Ordered that the judgment is reversed with respect to the plaintiff Denora Davis insofar as appealed from, on the facts and as an exercise of discretion, with costs payable by the plaintiff Denora Davis, and a new trial is granted on the issue of damages for past pain and suffering and future loss of enjoyment only, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages sustained by her for past pain and suffering from the sum of $2,000,000 to the sum of $550,000 and for future loss of enjoyment from the sum of $750,000 to the sum of $200,000, and to the entry of an appropriate amended judgment; in the event that the plaintiff Denora Davis so stipulates, then the judgment with respect to her, as so decreased and amended, is affirmed insofar as appealed and cross-appealed from, without cost or disbursements; and it is further,

Ordered that the judgment is reversed with respect to the plaintiff Linda Davis insofar as appealed from, on the facts and as an exercise of discretion, with costs payable by the plaintiff Linda Davis, and a new trial is granted on the issue of damages for past pain and suffering and future loss of enjoyment only, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages sustained by her for past pain and suffering from the sum of $6,000,000 to the sum of $2,000,000 and for future loss of enjoyment from the sum of $6,000,000 to the sum of $2,000,000, and to the entry of an appropriate amended judgment; in the event that the plaintiff Linda Davis so stipulates, then the judgment with respect to her, as so decreased and amended, is affirmed insofar as appealed and cross-appealed from, without cost or disbursements.

Contrary to the contention of the defendant City of New York, the plaintiffs established a prima facie case of causation. There was sufficient evidence establishing that the City of New York's sanitation truck turning right while the light was red was a substantial cause of the subject accident (*see Rubinfeld v City of New York*, 263 AD2d 448, 450; *Gorey v Chimento Co.,* 220 AD2d 482). However, the damage awards on the issues of past pain and suffering and future loss of enjoyment deviate materially from what would be reasonable compensation (*see Harvey v Mazal Am. Partners*, 79 NY2d 218, 225) to the extent

indicated (*see generally DiMarco v New York City Health & Hosps. Corp.,* 247 AD2d 574; *O'Brien v City of New York,* 231 AD2d 698; *Chung v New York City Tr. Auth.,* 213 AD2d 619).

The plaintiffs' remaining contentions on their cross appeal are without merit. Santucci, J.P., Feuerstein, S. Miller and Schmidt, JJ., concur.