In an action to recover damages for medical malpractice, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated July 8, 2002, as, upon a jury verdict finding the defendant St. Mary’s Hospital 75% at fault and the defendant Rajesh Bajaj, also known as Randahir Bajaj, 25% at fault, and finding that the plaintiffs sustained damages in the principal sum of $114,879,993, ($30,000,000 for past pain and suffering, $383,661 for past lost earnings, $2,000,000 for past medical expenses, $70,000,000 for future pain and suffering, $957,696 for future lost earnings, and $11,538,636 for future medical expenses), granted that branch of the defendants’ motion pursuant to CPLR 4404 (a) which was to set aside the verdict on the issue of *315 damages as against the weight of the evidence, to the extent of directing a new trial on the issue of damages unless the plaintiffs stipulated to reduce the verdict as to past pain and suffering from $30,000,000 to $800,000, as to future pain and suffering from $100,000,000 to $1,000,000, as to past medical expenses from $2,000,000 to $1,391,703, and as to future medical expenses from $11,528,636 to $2,500,000, resulting in a cumulative award of $7,033,060, and (2) the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was to set aside the jury verdict in its entirety.
Ordered that the order is affirmed, without costs or disbursements.
Contrary to the defendants’ contention, the verdict on the issue of liability was not against the weight of the evidence. A jury verdict should not be set aside as against the weight of the evidence “unless ‘the jury could not have reached the verdict on any fair interpretation of the evidence’ ” (Nicastro v Park, 113 AD2d 129, 134 [1985], quoting Delgado v Board of Educ., 65 AD2d 547 [1978], affd 48 NY2d 643 [1979]). In reviewing the record to ascertain whether the verdict was based on a fair interpretation of the evidence, great deference must be given to the fact-finding function of the jury, as it was in the foremost position to assess witness credibility (see Schray v Amerada Hess Corp., 297 AD2d 339 [2002]). Under the circumstances of this case, the jury could have concluded, based on a fair interpretation of the evidence, that the defendants were negligent and deviated from good and accepted medical practice, and that their negligence and deviation from good and accepted medical practice was the proximate cause of the plaintiff Michelle McCord’s permanent brain injury.
Furthermore, the damage awards for past and future pain and suffering and future medical expenses, as reduced by the Supreme Court, do not deviate materially from what would be reasonable compensation (see Weldon v Beal, 272 AD2d 321, 322 [2000]; Baumgarten v Slavin, 255 AD2d 538, 540 [1998]; DiMarco v New York City Health & Hosps. Corp., 247 AD2d 574, 576 [1998]).
The parties’ remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.