■ MAJOR SINGH et al., Respondents, v GLADYS TOWNCARS INC. et al., Appellants. [839 NYS2d 734]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered April 6, 2005, after an inquest, in favor of plaintiffs and against defendants, unanimously modified, on the facts, to reduce the $2 million awards for past and future pain and suffering in favor of plaintiff husband to $1 million for each, and the $200,000 awards for past and future loss of services in favor of plaintiff wife to $50,000 for each, and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment accordingly.

Defendants' opposition to plaintiffs' motion for a default judgment did not purport to show either a reasonable excuse for their default or a meritorious defense, but argued instead, through their attorney, that the motion did not satisfy the proof requirements of CPLR 3215 (f). Defendants also argued that their proposed answer, while "admittedly late if service was proper," should nevertheless be accepted because plaintiffs did not reject it by returning it, and also because plaintiffs were not prejudiced by the lateness. We find that plaintiffs' motion papers made a sufficient showing of merit for purposes of CPLR 3215, and that the motion was properly granted. Defendants' subsequent motion to vacate their defaults pursuant to CPLR 5015 (a) (1) was properly deemed a motion to renew or reargue (*cf. Spatz v Bajramoski*, 214 AD2d 436, 436 [1995]), and, insofar as appealable, properly denied. While the renewal motion attempts to explain the lateness as a result of nonservice, defendants gave no reason why they did not offer that explanation in their opposition to the motion for a default judgment (CPLR 2221 [e] [3]), and we decline to consider the reasons they now offer for the first time on appeal.

To the extent indicated, the awards for past and future (over 31 years) pain and suffering materially deviate from what is reasonable compensation for a fracture of the tibia and fibula with nerve damage, requiring a five-week hospitalization and an internal fixation open reduction procedure involving surgical hardware that continues to remain in plaintiff's leg, and also for several fractures of facial bones (*cf. Bingham v New York City Tr. Auth.*, 25 AD3d 433 [2006], *affd on other grounds* 8 NY3d 176 [2007]; *Bajwa v Saida, Inc.*, 6 AD3d 471 [2004]), and we reduce such awards accordingly. Plaintiff wife's $200,000 awards for past and future loss of services also deviate from what is reasonable compensation (*cf. Davis v City of New York*, 273 AD2d 342 [2000]; *Hernandez v Melro Co.*, 229 AD2d 565 [1996]). The $465,000 award for future lost earnings (over 15.5 years) is not against the weight of the evidence.

We have considered defendants' remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Saxe, Marlow, Nardelli and Gonzalez, JJ.