■ Thomas Capone, Appellant, v Michael Schaible et al., Respondents. (And a Third-Party Action.) [622 NYS2d 65] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated October 4, 1993, which granted the defendants' motions for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross motion to consolidate this action with a separate action which the plaintiff brought against the third-party defendants.

Ordered that the order is affirmed, with one bill of costs.

In response to the defendants' assertions that they did not have notice of the condition which allegedly caused the plaintiff's fall, the plaintiff, proceeding under a theory of constructive notice, failed to raise a triable issue of fact as to whether the leaves or twigs upon which he allegedly slipped were visible and apparent for a sufficient length of time that, in the exercise of reasonable care, the defendants should have swept them *(see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Stoerzinger v Big V Supermarkets,* 188 AD2d 790; *Paolucci v First Natl. Supermarket Co.,* 178 AD2d 636). The expert opinion proffered by the plaintiff in opposition to the defendants' summary judgment motion is insufficient to raise a triable issue of fact. It was based, in part, upon information which was contradicted by the plaintiff himself, contained several opinions in the area of which the affiant's expertise was not established, and was speculative. Thus, the defendants were properly granted summary judgment.

In light of the foregoing, we need not reach the remaining issues raised by the plaintiff. Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.