■ MARGARET BENAQUISTA, Respondent, v MUNICIPAL HOUSING AUTHORITY OF THE CITY OF SCHENECTADY, Appellant. [622 NYS2d 129] —Mercure, J. Appeal from an order of the Supreme Court (Lynch, J.), entered February 8, 1994 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff, a resident in an apartment complex owned by defendant, sustained injuries when she fell down the stairs on her way to the building entrance door to admit a visitor. Having acknowledged in her deposition testimony that there was no dangerous or defective condition on the stairwell that contributed to the fall, plaintiff's opposition to defendant's

motion for summary judgment is premised upon the theory that, but for the defective condition of the building's intercom system, she could have admitted the visitor by merely activating the buzzer in her apartment and thereby avoided the walk to the building entrance and, thus, the fall that caused her injuries. Because it is our view that the defective condition of the intercom system was not a substantial factor in bringing about plaintiff's injuries as a matter of law, we reverse Supreme Court's order denying defendant's summary judgment motion.

It is true that, but for the malfunction of the intercom system, plaintiff would have had no reason to leave her apartment and, at least on this occasion, would not have fallen down the stairs. Such a "but for" rule is, however, inconsistent with accepted substantive rules of tort law because "it would permit a finding of causation when defendant's act merely furnished the condition or occasion upon which plaintiff's injuries were received but did not put in motion the agency by which the injuries were inflicted" (1 NY PJI 2:70, at 166 [2d ed] [1995 Supp]). The law is clear that, in such a case, and we view this as one, there is no liability *(see, Rivera v City of New York,* 11 NY2d 856; *see also, Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950; *Sheehan v City of New York,* 40 NY2d 496; 1 NY PJI 2:70, at 166 [2d ed] [1995 Supp]).

It is instructive to compare the facts of this case to *Sherman v Concourse Realty Corp.* (47 AD2d 134), relied upon by Supreme Court for its contrary determination. In *Sherman,* despite the defendant's knowledge of prior criminal activity in its apartment building, the cylinder in the lobby door lock was removed for repairs, thereby rendering the lock inoperative and permitting unimpeded entry into the building for a period of at least a week *(supra,* at 135-136). The plaintiff sustained personal injuries when he was assaulted and robbed by a person the jury apparently concluded was an intruder who gained access through the lockless door *(supra,* at 137). In that case, then, the risk bringing about the plaintiff's injury, the substantial danger of serious physical injury or death from entry by a mugger or burglar, was not just foreseeable, but its prevention was the very purpose for the entry door lock. As such, "[t]he landlord's neglect * * * 'gave rise to the stream of events that culminated in' the tenant's injuries" *(supra,* at 139, quoting *Matter of Guardian Cas. Co. [Kuttler],* 253 App Div 360, 362, *affd* 278 NY 674; *see,* Restatement [Second] of Torts § 449). Here, in sharp contrast, the intercom and door buzzer system was neither designed nor intended to prevent

tenants from falling down the stairs and, stairs not being considered inherently dangerous, a fall such as the one sustained by plaintiff was by no means foreseeable (see, Ventricelli v Kinney Sys. Rent A Car, supra, at 952).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.