■ ERIC FERGUSON et al., Appellants, v CALLANAN INDUSTRIES, INC., Respondent. [636 NYS2d 207] —Mercure, J. Appeal from an order of the Supreme Court (Hughes, J.), entered April 6, 1995 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

On November 30, 1992, plaintiff Eric Ferguson (hereinafter plaintiff) and his supervisor drove a dump truck to defendant's facility in order to pick up a load of asphalt for their employer, the Town of Colonie. On that particular day, defendant's "spray station", which permitted workers to spray a solution of soapy water into the truck box from an elevated platform, was not working. Accordingly, plaintiff's supervisor directed him to climb into the truck box and use the truck's portable sprayer to coat the interior surface with a liquid designed to prevent the asphalt from adhering to the surface. Plaintiff performed that task but slipped and fell while climbing down from the truck, sustaining the injuries forming the basis for this action. Plaintiff's theory of liability against defendant is that, but for the breakdown of defendant's spray facility, plaintiff would have had no occasion to enter the truck box and, thus, would not have fallen.

We agree with Supreme Court's grant of summary judgment in favor of defendant. The uncontroverted evidence adduced on the motion established that defendant did not induce plaintiff to enter the truck box in order to spray it down and, in fact, took no part in the decision to have him do so. On the facts present here, we conclude that the breakdown of defendant's spraying mechanism did not put in motion the agency causing plaintiff's injuries; to the contrary, it merely furnished the occasion or condition upon which they were sustained (*see, Benaquista v Municipal Hous. Auth.*, 212 AD2d 860; *Wells v Finnegan*, 177 AD2d 893). There being no competent evidence to support a finding of proximate causation, the complaint was properly dismissed (*see, supra*).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.