■ SHARON M. HERSMAN, Individually, as Administrator of the Estate of STEVEN E. HERSMAN, Deceased, and as Parent and Guardian of REBECCA A. HERSMAN, and Another, Infants, Respondent-Appellant, v HARLAN E. HADLEY, Defendant, and WAL-MART STORES, INC., et al., Respondents, and RONALD BENDERSON et al., Appellants-Respondents. [651 NYS2d 754] —Mercure, J. P. Cross appeals from an order of the Supreme Court (Ellison, J.), entered April 26, 1996 in Chemung County, which, *inter alia,* granted motions by defendants Town of Big Flats and Wal-Mart Stores, Inc. for summary judgment dismissing the complaint and all cross claims against them.

These consolidated actions arise out of a July 8, 1993 colli-

sion that took place on County Route 64 (hereinafter the highway) in the Town of Big Flats, Chemung County, causing the death of plaintiff's husband and claimed physical and emotional injuries to her infant son and daughter. At approximately 10:25 A.M. on that day, defendant Harlan E. Hadley and his wife were en route to a Sam's Club store in the then-uncompleted Consumer Square Shopping Center in order to purchase a membership. Hadley was operating his vehicle westbound on the highway and, while attempting a left-hand turn into an entrance to the shopping center (referred to by the parties as Driveway B), he drove directly into the path of the eastbound vehicle driven by plaintiff's decedent. Although the record on appeal gives no adequate depiction of the physical details of the intersection as it existed at the time of the accident, it is undisputed that the westbound side of the highway was divided into three traffic lanes: the right lane was intended for through traffic and the center and left lanes were devoted to traffic turning left into the shopping center. On the day of the accident, cones or barrels had been placed in such a way as to prevent the use of the left lane. As a consequence, Hadley used the center lane for his intended left turn into the shopping center. It is also undisputed that a planned signal light had not yet been installed and that the intersection contained no traffic control device.

Setting aside any consideration of Hadley, who is not involved in the present cross appeals, plaintiff alleges negligence causes of action against defendants (1) Town of Big Flats, (2) Ronald Benderson, Randall Benderson, and David Baldauf, as trustees under a trust agreement dated October 14, 1985, David Feuerstein, Stephen B. Goodman, RB-3 Associates and Benderson Development Company, Inc. (hereinafter collectively referred to as the Benderson defendants), constituting the owners or developers of the shopping center, (3) Wal-Mart Stores, Inc., the owner of the Sam's Club store in the shopping center, (4) Chemung County, (5) A.L. Blades & Sons, Inc., the prime contractor for road construction and, as such, the entity responsible for the installation of traffic control signals and pavement markings, and (6) Dennis A. Fagan, doing business as Fagan Engineers, an engineer with the responsibility for inspecting off-site highway and traffic improvements.

The interrelated theory of liability against these defendants is based upon factual allegations that, as a prerequisite to the issuance of a permit for construction of the shopping center, the Benderson defendants submitted to the Town a traffic study with recommendations for highway improvements, including

the widening of the highway, the installation of traffic control signals and pavement markings; that on September 8, 1992, the Town Planning Board adopted a resolution approving the plans for construction of the shopping center, including the recommended traffic improvements, and providing that no certificate of occupancy should be issued for the shopping center until the traffic improvements, including the installation of a new signal at the subject intersection, were completed; that, despite the fact that no proper certificate of occupancy had been issued and in violation of Local Laws, 1987, No. 1 of the Town of Big Flats, Wal-Mart occupied and used its Sam's Club store, invited the public onto the premises for the purpose of purchasing memberships and, in fact, installed an advertising sign at the subject intersection; and, finally, that, despite the fact that the applicable plans and specifications called for the barricading of all entrances to the shopping center until the completion of all traffic improvements, no barricades had been erected at the entrance to Driveway B.

Following joinder of issue and discovery, the County moved and Blades, the Town, Wal-Mart, the Benderson defendants and Fagan* cross-moved for summary judgment dismissing the complaint against them on the ground, *inter alia*, that their conduct, even if negligent, was not a proximate cause of the accident. Supreme Court granted the motion with regard to the Town and Wal-Mart but denied the motions of the remaining movants, prompting these cross appeals. Because we conclude that Supreme Court should have granted summary judgment in favor of all of the moving defendants, we are constrained to modify Supreme Court's order accordingly.

The evidence submitted on the summary judgment motions establishes that, although the plans and drawings for phase III of the construction of the shopping center called for the barricading of all mall entrances, clear necessity dictated that there be some means of access to the site. Thus, in a construction meeting conducted in the fall of 1992, Driveway B was designated as the construction entrance to the site. From early May 1993 to the time of the accident, contractors, subcontractors, employees, suppliers, supervisors and inspectors used the entrance each work day, driving personal and business vehicles transporting individuals, materials and equipment. In addition, for a few weeks prior to the subject accident, patrons of

---

* Technically, Fagan made no motion for summary judgment. Nonetheless, its counsel's March 8, 1996 reply affirmation, which contained, among other things, a prayer for an award of summary judgment in its favor, strikes us as the practical equivalent of such a motion.

Sam's Club had entered the premises via Driveway B in order to purchase memberships, as Hadley intended to do at the time of the accident. There is no indication that the condition of Driveway B was unsafe or that it caused problems for any of these hundreds of users. Certainly, no accidents were reported.

In addition, although plaintiff makes much of the fact that work on the intersection was not completed and that the planned signal light had not yet been installed, she presents no competent evidence to support a finding that, viewed in the light of the conditions that were in effect at the time of the accident, there existed an unsafe or dangerous condition. There need not (and should not) be a signal light at the entrance to every commercial establishment, and the fact that a signal light and dual left-turn lanes were prescribed for use when the shopping center was completed and open to the public does not compel the conclusion that they were necessary before that time. Obviously, the substantial volume of traffic associated with a completed and functioning shopping mall was not present on July 8, 1993, when not one of the mall stores had opened for shopping (the Sam's Club store was open for the limited purpose of selling memberships). In fact, Hadley, who had every motivation to cast fault on the other defendants, testified that as he drove westbound on the highway he observed no eastbound vehicles at all. Thus, we may conclude that the traffic was very light.

Further, and contrary to the investigating police officer's conclusory and unsupported characterization of the intersection as "very uncontrolled and confusing", Hadley testified that he was familiar with the intersection, that he was driving slowly (between 25 and 30 miles per hour) because of the construction, that he knew where he was going and which lane to use and that, despite the fact that he had an unobstructed view to the west, he simply did not observe the oncoming vehicle. Finally, the evidence does not support the claim that Wal-Mart's sign, which had been placed at the southwest corner of the intersection, contributed to the accident. Contrary to plaintiff's representation, Hadley did not testify that he was reading the sign as he made his turn into the shopping center. Rather, he testified that his wife read the sign aloud as he looked straight ahead into the shopping center parking lot.

By no means intending to detract from the seriousness of the accident or its tragic consequences to plaintiff and her family, we nonetheless conclude that the negligence causes of action asserted against the moving defendants merely constitute an effort to weave a web of liability out of a few inconsequential

deviations from the literal requirements of the shopping center construction plans and permits and arguable violations of ordinances and laws governing the occupation of store premises and the erection of signs. As properly argued by defendants, the conduct complained of, even if constituting negligence, was not a proximate cause of the injuries to plaintiff's decedent and her children; rather, it did nothing more than " 'furnish[ ] the condition or occasion [for the accident] but did not put in motion the agency by which the injuries were inflicted' " (*Benaquista v Municipal Hous. Auth.*, 212 AD2d 860, 861, quoting 1 NY PJI 2d 2:70, at 166 [1995 Supp]; *see, Margolin v Friedman*, 43 NY2d 982, 983; *Hackstadt v Hackstadt*, 194 AD2d 908; *Abazis v Parks*, 189 AD2d 739, *lv denied* 82 NY2d 652; *Williams v Envelope Tr. Corp.*, 186 AD2d 797; *Grandy v Bavaro*, 134 AD2d 957, *lv denied* 71 NY2d 802). It is true that had the Sam's Club store not opened for the limited purpose of selling memberships, Hadley would have had no occasion to travel to the shopping center that day. It is similarly true that had Driveway B been barricaded, Hadley likely would not have attempted to enter the mall premises, at least not at that location. However, this is precisely the type of "but for" analysis that has been rejected as a basis for liability (*see, Ferguson v Callanan Indus.*, 223 AD2d 862, *lv denied* 88 NY2d 801; *Benaquista v Municipal Hous. Auth.*, *supra*, at 861; 1 NY PJI 2d 2:70, at 170-171 [1996 Supp]). Obviously, the sole proximate cause of the injuries forming the basis for plaintiff's causes of action was Hadley's failure to yield the right-of-way to the vehicle driven by plaintiff's decedent.

In view of our determination, the parties' additional contentions need not be considered.

White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motions for summary judgment by defendants Ronald Benderson, Randall Benderson, and David Baldauf, as trustees under a trust agreement dated October 14, 1985, David Feuerstein, Stephen B. Goodman, RB-3 Associates, Benderson Development Company, Inc., Chemung County, A.L. Blades & Sons, Inc. and Dennis A. Fagan, doing business as Fagan Engineers; cross motions granted and complaint dismissed against said defendants; and, as so modified, affirmed.