■ FERNANDO DEBARTOLO, Respondent, v ANTHONY COCCIA et al., Defendants, and WASTE CONTROL SERVICES, INC., Appellant. [714 NYS2d 742] —In an action to recover damages for personal injuries, the defendant Waste Control Services, Inc., appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated August 18, 1999, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs payable by the appellant to the plaintiff.

The plaintiff was a passenger in a vehicle driven by the defendant Anthony Coccia. In an attempt to avoid an unidentified vehicle on his left, Coccia veered to the right and collided with a dumpster which was located on the shoulder of the roadway, causing injury to the plaintiff. Thereafter, the plaintiff commenced this action against, among others, the appellant, Waste Control Services, Inc., the owner of the dumpster.

The Supreme Court properly denied the appellant's motion for summary judgment. It is well settled that a defendant's negligence does not have to be the sole cause of the injury, but merely a substantial factor in bringing about the injury (*see, Galioto v Lakeside Hosp.,* 123 AD2d 421). Here Coccia testified at his examination before trial that the dumpster protruded into his driving lane approximately six to seven inches, and that the lighting in the area was poor. Accordingly, there are questions of fact as to whether the dumpster was negligently

placed in the driving lane and, if so, whether such negligence was a proximate cause of the accident (*see, Sullivan v Locastro,* 178 AD2d 523). Ritter, J. P., Santucci, Goldstein and Feuerstein, JJ., concur.