■ ROBERT HENRY, Respondent, v LONG ISLAND SAVINGS BANK, FSB, Also Known as LONG ISLAND SAVINGS AGENCY,

INC., Doing Business as LONG ISLAND SAVINGS BANK, FSB, et al., Appellants. [716 NYS2d 597] —In an action to recover damages for personal injuries, the defendants Long Island Savings Bank, FSB, a/k/a Long Island Savings Agency, Inc., d/b/a Long Island Savings Bank, FSB, and Garden City Company, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated August 26, 1999, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Long Island Savings Bank.

Ordered that the appeal by the defendant Garden City Company, Inc., is dismissed, as that defendant is not aggrieved by the portion of the order appealed from (see, CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Long Island Savings Bank, FSB, a/k/a Long Island Savings Agency, Inc., d/b/a Long Island Savings Bank, FSB, is granted, and the complaint is dismissed in its entirety; and it is further,

Ordered that the defendant Long Island Savings Bank, FSB, a/k/a Long Island Savings Agency, Inc., d/b/a Long Island Savings Bank, FSB, is awarded one bill of costs payable by the plaintiff.

The plaintiff was injured when he allegedly slipped and fell on wet leaves at premises occupied by the defendant Long Island Savings Bank, FSB, a/k/a Long Island Savings Agency, Inc., d/b/a Long Island Savings Bank, FSB (hereinafter the Bank). The Bank made a prima facie showing that it neither created nor had actual or constructive notice of the condition. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the leaves upon which he allegedly slipped were visible and apparent for a sufficient length of time that, in the exercise of reasonable care, the Bank's employees were or should have been aware of them and taken remedial action (see, Gordon v American Museum of Natural History, 67 NY2d 836; Capone v Schaible, 211 AD2d 661). Similarly, the engineer's affidavit proffered by the plaintiff in opposition to the motion for summary judgment was conclusory and insufficient to raise a triable issue of fact (see, Santo v Astor Ct. Owners Corp., 248 AD2d 267).

The plaintiff's contention that a sanction should be imposed for the spoliation of evidence is without merit. Ritter, J. P., Altman, H. Miller and Smith, JJ., concur.