■ PAUL BISCEGLIA et al., Respondents-Appellants, v INTERNATIONAL BUSINESS MACHINES, Appellant, BYRON ELECTRICAL COMPANY et al., Respondents, et al., Defendant. (And a Third-Party Action.) (Action No. 1.) JAMES F. PALATUCCI, Respondent, v PAUL BISCEGLIA, Defendant, INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant, and BYRON ELECTRICAL COMPANY et al., Respondents. (Action No. 2.) [732 NYS2d 92] —In two related actions to recover damages for personal injuries, etc., which were joined for trial, International Business Machines, a defendant in both actions, appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Marlow, J.), dated June 15, 2000, as denied its motion for summary judgment dismissing the complaints insofar as asserted against it or for summary judgment on its cross claims, *inter alia,* for indemnification from the defendants Byron Electrical Company, Ogden Allied Building Service Corp., and Axiom Real Estate Management, Inc., and Paul Bisceglia and Susan Sullivan Bisceglia, the plaintiffs in Action No. 1, separately appeal from so much of the order as granted the motion of the defendant Byron Electrical Company in Action No. 1 for summary judgment dismissing the complaint in that action insofar as asserted against it on the ground that it was not in privity of contract with them.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion of International Business Machines which was for summary judgment dismissing the complaints in both actions insofar as asserted against it and substituting therefor a provision granting that branch of the motion, and (2), upon searching the record, adding thereto a provision granting summary judgment dismissing the complaints insofar as asserted against Ogden Allied Building Service Corp. and Axiom Real Estate Management, Inc.; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs in both actions to International Business Machines and Byron

Electrical Company, and the actions against the remaining defendants are severed.

These actions arose from a two-car collision on February 26, 1994, on Route 9 in Poughkeepsie. James F. Palatucci, a defendant in Action No. 1 and the plaintiff in Action No. 2, was attempting to make a left turn from the left-turn lane on Route 9 into a shopping plaza. The governing traffic light, which normally displayed a green arrow indicating that it was safe to make a left turn, was flashing yellow. After coming to a complete stop and waiting for a few cars to pass the intersection in the oncoming northbound lanes of Route 9, Palatucci's vehicle collided with the vehicle driven by Paul Bisceglia, a plaintiff in Action No. 1 and a defendant in Action No. 2, who was approaching the intersection from the center northbound lane. At the time, the traffic light governing the oncoming northbound lanes was also flashing yellow.

Bisceglia and his wife commenced Action No. 1 against Palatucci, and against International Business Machines (hereinafter IBM), the owner of the traffic light, Ogden Allied Building Service Corp. (hereinafter Ogden), which had contracted with IBM to maintain IBM's premises, including the traffic light at issue, Byron Electrical Company (hereinafter Byron), which Ogden retained to maintain and repair the traffic light, and Axiom Real Estate Management, Inc. (hereinafter Axiom), to which Ogden had assigned its contract with IBM approximately two months before the accident. Palatucci commenced Action No. 2 against Bisceglia, IBM, Ogden, Byron, and Axiom. The two actions were joined for trial. The Supreme Court, *inter alia*, denied IBM's motion for summary judgment, which was based on the claim that the malfunctioning traffic light was not a proximate cause of the accident, and granted Byron's motion for summary judgment, on the ground that it was not in privity of contract with the plaintiffs. We disagree with the Supreme Court with respect to IBM's motion, and find that the malfunctioning traffic light was not a proximate cause of the accident.

While the Bisceglias contend that the accident would not have happened if the traffic light had been operating properly, "this is precisely the type of 'but for' analysis that has been rejected as a basis for liability" (*Hersman v Hadley,* 235 AD2d 714, 718). The Bisceglias submitted an affidavit of their expert, a licensed civil engineer, who opined that a car could become "entrapped" in this "complex high volume intersection" when the traffic light malfunctions. However, under the factual circumstances presented here, where the traffic was "[e]ven less

than moderate" and Palatucci could see three-quarters of a mile down the road in front of him while stopped waiting to make a left turn, the legal conclusion reached by the expert that the malfunctioning traffic light was a proximate cause of the accident is speculative and conclusory (*see, Sosa v City of New York,* 281 AD2d 469). Indeed, both drivers indicated in their deposition testimony that they were familiar with the intersection and were not confused by the flashing yellow traffic light. Accordingly, we find that the malfunctioning traffic light was not a proximate cause of the accident, and the complaints insofar as asserted against IBM should be dismissed (*see, Gonzalez v City of Yonkers,* 277 AD2d 421).

With respect to the Bisceglias' appeal, in light of our finding that the malfunctioning traffic light was not a proximate cause of the accident, Byron could not be held liable. Accordingly, the complaint was properly dismissed insofar as asserted against Byron. Since Ogden and Axiom are similarly-situated parties to IBM and Byron insofar as the issue of proximate cause is concerned, upon searching the record, we grant summary judgment to Ogden and Axiom without the necessity of a motion or cross appeal, respectively (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Matter of United Water New Rochelle v City of New York,* 275 AD2d 464; *see also,* CPLR 3212 [b]).

In light of our determination, we need not reach the remaining contentions of IBM or the Bisceglias. O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.