■ Julie M. Cooper et al., Appellants, v Town of Huntington, Defendant, and Herphil Company et al., Respondents. [757 NYS2d 805] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Berler, J.), dated December 7, 2001, which granted the motion of the defendants Herphil Company and Gap, Inc., for summary judgment dismissing the complaint insofar as asserted against them, (2), as limited by their brief, from so much of an order of the same court, dated July 15, 2002, as denied that branch of their motion which was for leave to renew, and (3) from a judgment of the same court, dated July 15, 2002, entered upon the orders, which dismissed the complaint insofar as asserted against the defendants Herphil Company and Gap, Inc.

Ordered that the appeals from the orders dated December 7, 2001, and July 15, 2002, are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the

orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Since the respondents offered evidence that they neither created nor had actual or constructive notice of the allegedly dangerous condition, they sustained their initial burden of establishing entitlement to summary judgment (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The plaintiffs' speculative and conclusory assertions to the contrary were insufficient to defeat the motion (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *see also Henry v Long Is. Sav. Bank,* 277 AD2d 351 [2000]; *Busterna v Branch Off. Assoc.,* 253 AD2d 837 [1998]). Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.