■ CARMELLA MORRISSEY et al., Appellants, v MARILYN M. TORINO, Respondent, et al., Defendant. [759 NYS2d 381] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Ponterio, J.), dated May 10, 2002, which granted the motion of the defendant Marilyn M. Torino for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The injured plaintiff, Carmella Morrissey, allegedly slipped and fell on the walkway of property owned by the defendant Marilyn M. Torino. The injured plaintiff stated in a deposition that prior to her fall she observed "little balls" that had fallen from a tree and were scattered about the walkway.

In support of her motion for summary judgment, Torino established her entitlement to judgment as a matter of law by demonstrating that she neither created nor had actual or constructive notice of the objects which had dropped off the tree on which the injured plaintiff allegedly slipped and fell (*see Pressley v New York City Hous. Auth.,* 238 AD2d 191 [1997]; *Capone v Schaible,* 211 AD2d 661 [1995]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the "little balls" were apparent for a sufficient length of time such that, in the exercise of reasonable care, Torino should have cleared them from the walkway (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838 [1986]; *Henry v Long Is. Sav. Bank,* 277 AD2d 351, 352 [2000]; *Capone v Schaible, supra*).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Altman, Krausman and Crane, JJ., concur.