■ ROBERT DiMARTINO et al., Respondents, v DANIEL S. GROSSKURTH, Defendant, and FREDERICK CHAPEY & SONS FUNERAL HOME, INC., Appellant. [772 NYS2d 878]—

In an action to recover damages for personal injuries, etc., the defendant Frederick Chapey & Sons Funeral Home, Inc., appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated June 20, 2003, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff's decedent, Ida Marie DiMartino, allegedly sustained injuries when, while standing on the sidewalk at the driveway of the parking lot of St. Mary's Church in East Islip, she was struck by a motor vehicle owned and operated by the defendant Daniel S. Grosskurth as it exited the parking lot. A hearse owned by the appellant was parked in the vicinity of the driveway at the time of the accident. The plaintiffs commenced this action alleging, inter alia, that the appellant was negligent in parking the hearse in that location preventing Grosskurth's vehicle from properly·exiting the parking lot, thus causing it to hit the decedent.

Contrary to the determination of the Supreme Court, the appellant established its prima facie entitlement to summary judgment dismissing the complaint by demonstrating that the presence of its hearse in the vicinity of the driveway in no way contributed to the happening of the accident (see Levitt v County of Suffolk, 145 AD2d 414 [1988]; cf. DeBartolo v Coccia, 276 AD2d 663 [2000]). In opposition, the plaintiff failed to raise a triable·issue of fact (see Huggins v Figueroa, 305 AD2d 460 [2003]; Cooper v Town of Huntington, 304 AD2d 785 [2003]). Accordingly, the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted (see Coughlin v Bartnick, 293 AD2d 509 [2002]). Ritter, J.P., S. Miller, Goldstein and Adams, JJ., concur.