■ CHRISTINE LODER, Individually and as Administratrix of the Estate of TIA ELIZABETH BURNS, Deceased, Appellant, v MICHAEL GRECO et al., Defendants, and CHRISTOPHER LODER, SR., Respondent. (Appeal No. 1.) [774 NYS2d 231]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (David J. Mahoney, J.), entered November 20, 2002. The judgment dismissed the complaint against defendant Christopher Loder, Sr. upon a jury verdict.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff's decedent was nine years old when she was killed in a motor vehicle accident while crossing the street after alighting from a vehicle owned and operated by her maternal grandfather, defendant Christopher Loder, Sr. (Loder). As decedent attempted to cross the street in front of her house, she was struck by a motor vehicle operated by defendant Michael Greco and owned by defendant Airborne Freight Corp. Plaintiff appeals from two judgments entered upon jury verdicts finding that Loder was not negligent (appeal No. 1) and that, although Greco was negligent in the operation of his vehicle, his negligence was not a substantial factor in causing the accident (appeal No. 2).

The verdict finding that Loder was not negligent is not against the weight of the evidence inasmuch as the evidence establishes that Loder fulfilled his duty to provide decedent with a safe place to alight from the vehicle (*see Liebman v Heiss*, 256 AD2d 449 [1998]; *see generally Miller v Fernan*, 73 NY2d 844, 846 [1988]). Contrary to plaintiff's additional contention, Loder did not violate a "family rule" regarding when children were allowed to cross the street. Plaintiff testified that decedent was permitted to cross the street if she was in the presence of an older sibling and, at the time of the accident, decedent was in the presence of her older sister.

" 'A jury's finding that a party was at fault but that [such] fault was not a proximate cause of the [accident] is inconsistent and against the weight of the evidence only when the issues are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" ' " (*Johnson v Schrader* [appeal No. 2], 299 AD2d 815, 816 [2002]; *see DiCesare v Glasgow* [appeal No. 2], 295 AD2d 1007, 1009 [2002]). Although the evidence supports a finding that Greco was operating his vehicle in excess of the posted speed limit, the evidence also supports a finding that decedent bolted from in front of Loder's vehicle directly into the path of Greco's vehicle in an attempt to cross the street. Thus, as plaintiff argued at trial, the evidence that speed could have been a cause of the accident was that, "but for" Greco's speed, Greco may not have been at the precise point of impact at the same time decedent was attempting to cross the street. "[T]his is precisely the type of 'but for' analysis that has been rejected as a basis for liability" (*Hersman v Hadley*, 235 AD2d 714, 718 [1997], *lv denied* 90 NY2d 802 [1997]; *see Bisceglia v International Bus. Machs.*, 287 AD2d 674, 675 [2001], *lv denied* 98 NY2d 605 [2002]; *Ferguson v Callanan Indus.*, 223 AD2d 862 [1996], *lv denied* 88 NY2d 801 [1996]). Excessive speed alone may not be a proximate cause of an accident where, as here, a child darts out from around a parked car (*see e.g. Di Benedetto v Dangel*, 30 NY2d 508 [1972]; *Rubin v Pecoraro*, 141 AD2d 525 [1988]). Under the circumstances of this case, a reasonable view of the evidence supports the jury's finding that the speed of Greco's vehicle merely furnished the occasion for the accident, but was not a cause thereof (*see Hersman*, 235 AD2d at 718; *see also Arumugam v Smith*, 277 AD2d 979 [2000]; *Masone v Westchester County*, 229 AD2d 657, 658 [1996]; *see generally Benaquista v Municipal Hous. Auth. of City of Schenectady*, 212 AD2d 860, 861 [1995]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.