■ FELIX CALDERON et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [788 NYS2d 130]—

In an action, inter alia, to recover damages for wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), entered May 13, 2003, as granted the separate motions of the defendant City of New York, the defendants Associated Auto Radiator, Inc., and Manuel Batista, and the defendant Robin CST Construction, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants City of New York, Associated Auto Radiator, Inc., Manuel Batista, and Robin CST Construction (hereinafter the respondents) made a prima facie showing of entitlement to judgment as a matter of law, tendering evidence sufficient to demonstrate the absence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra*). While a plaintiff in a wrongful death action such as this one, where the decedent, by reason of her death, is unable to testify as to her version of the automobile accident, is not held to as high a degree of proof in establishing his or her right to recover as a plaintiff who can describe the events in question (*see Noseworthy v City of New York,* 298 NY 76 [1948]; *Jose v Richards,* 307 AD2d 279 [2003]), such a plaintiff is not relieved of the obligation to provide some proof from which negligence can reasonably be inferred (*see Jose v Richards, supra*). In this case, the affidavits of the plaintiffs' accident reconstruction expert and professional engineer were insufficient to defeat the motions for summary judgment (*see id.; Bisceglia v International Bus. Machs.,* 287 AD2d 674 [2001]; *Clark v City of Lockport,* 280 AD2d 901 [2001]). Accordingly, the Supreme Court properly granted the respective motions for summary judgment dismissing the complaint insofar as asserted against the appellants. Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.