(March 14, 2005)

■ LUIS ALVAREZ et al., Appellants, v HEE YOUN KOO, Defendant, and CITY OF MOUNT VERNON, Respondent. [792 NYS2d 508]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered March 9, 2004, as granted the motion of the defendant City of Mount Vernon for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Luis Alvarez (hereinafter the injured plaintiff) was injured when the vehicle he was driving was struck by a vehicle owned and operated by the defendant Hee Youn Koo (hereinafter Koo). The traffic light controlling the intersection where the accident occurred was green in the injured plaintiff's direction, but the bulb which illuminated the red light in Koo's direction had burned out. Koo proceeded through the intersection and collided with the injured plaintiff's vehicle. The injured plaintiff and his wife commenced this action against Koo and the City of Mount Vernon. The Supreme Court, inter alia, granted the City's motion for summary judgment. We affirm.

The City made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the subject intersection was maintained in a reasonably safe condition, and that it neither created, nor had actual or constructive notice of, any dangerous condition there (see Thompson v City of New York, 78 NY2d 682 [1991]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Cooper v Town of Huntington, 304 AD2d 785, 786 [2003]; Gonzalez v City of Yonkers, 277 AD2d 421 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiffs' remaining contentions are without merit. Florio, J.P., H. Miller, Cozier and S. Miller, JJ., concur.