■ YEHIEL MINEMAR et al., Respondents, v YULIYA KHRAMOVA, Respondent, and CITY OF NEW YORK, Appellant. (And a Third-Party Action.) [815 NYS2d 210]—

In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated January 13, 2005, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the cross motion is granted, the complaint is dismissed insofar as asserted against the defendant City of New York, and the action against the remaining defendant is severed.

While approaching the intersection of 20th Avenue and 81st Street in Brooklyn, the plaintiff Yehiel Minemar brought his motor vehicle to a stop at a red light that governed traffic on 20th Avenue, with two or three cars stopped in front of his vehicle. The vehicles in front of Minemar waited for approximately 30 to 60 seconds at the red light and then proceeded through

the intersection while the light remained red. Mr. Minemar waited another 30 to 60 seconds before looking down 81st Street, a one-way street, for oncoming traffic, and upon seeing none approaching, proceeded into the intersection while the light was still red. Approximately halfway through the intersection, his car was struck by a second motor vehicle being operated on 81st Street by the defendant Yuliya Khramova.

The plaintiffs subsequently commenced the present action, claiming, inter alia, that the accident was proximately caused by the City of New York's alleged negligence in maintaining the traffic light. The City cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it.

In this case, where the plaintiff driver was fully aware of the malfunctioning traffic light and the consequent need to exercise caution in proceeding through the intersection, any negligence on the part of the City in maintaining the traffic light was not the proximate cause of the accident. Accordingly, the complaint insofar as asserted against the City should have been dismissed (see Bisceglia v International Bus. Machs., 287 AD2d 674, 676 [2001]). Florio, J.P., Adams, Santucci and Lunn, JJ., concur.