In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Loehr, J.), entered April 23, 2012, which denied its motion for summary judgment dismissing the complaint.
*902 Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
The plaintiff was injured when she was struck by a motor vehicle while she was attempting to cross a road in Bronxville during the evening of December 14, 2010. She commenced this action against the Village of Bronxville, alleging that the intersection where she was struck was inadequately illuminated. The Village moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.
A municipality has a duty to maintain its streets in a reasonably safe condition (see Lopes v Rostad, 45 NY2d 617, 623 [1978]). A municipality’s obligation to install street lighting, or to maintain existing streetlights, arises only in those situations “in which illumination is necessary to avoid dangerous and potentially hazardous conditions” (Thompson v City of New York, 78 NY2d 682, 684 [1991]; see Rios v City of New York, 33 AD3d 780, 782 [2006]; Abbott v County of Nassau, 223 AD2d 662 [1996]).
In support of its motion for summary judgment, the Village made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the subject location was maintained in a reasonably safe condition and that the Village neither created nor had actual or constructive notice of any dangerous condition at that location. In opposition, the plaintiff failed to raise a triable issue of fact as to the existence of any dangerous or potentially hazardous conditions at the intersection. Accordingly, the Village’s motion for summary judgment dismissing the complaint should have been granted (see Thompson v City of New York, 78 NY2d at 685; Alvarez v Hee Youn Koo, 16 AD3d 442 [2005]). Mastro, J.E, Rivera, Sgroi and Cohen, JJ., concur.