[994 NYS2d 838]

KIM ACHAIBAR, Plaintiff, v CITY OF NEW YORK et al., Defendants.

Supreme Court, Queens County, October 7, 2014

APPEARANCES OF COUNSEL

*London Fischer LLP*, New York City (*Amy Kramer* of counsel), for City of New York, defendant.

*Cheriff & Fink, P.C.*, Hewlett (*Kenneth S. Fink* of counsel), for plaintiff.

OPINION OF THE COURT

TIMOTHY J. DUFFICY, J.

The plaintiff brings this action seeking damages for personal injuries sustained in a motor vehicle accident that occurred on May 11, 2010. Defendant City now moves for an order, inter alia, granting summary judgment on the issue of liability in its favor and dismissing the plaintiff's complaint and all cross claims as against it.

According to the plaintiff's testimony, the traffic signal, at the intersection of Hillside Avenue and 212th Street, was blinking yellow-amber at the time of the occurrence (*see* deposition tr of plaintiff Achaibar at 25, lines 4-9). Notably, the plaintiff never testified, as claimed by moving counsel, that he understood this to mean that the traffic signal was broken. The plaintiff also testified that he did not see anyone working on the traffic signal at that intersection prior to the accident (*see* tr of plaintiff Achaibar at 39, lines 13-16). Defendant Amarilyn Vasquez stated that she understood that blinking lights meant that the traffic control signal was not working (*see* deposition tr of Vasquez at 15, lines 13-15). The problem with the traffic signal was reported to the New York City Department of Transportation at 6:49 a.m., approximately three hours prior to the subject accident which occurred at 9:50 a.m.

To establish a prima facie case of negligence, a plaintiff must demonstrate (1) that the defendant owed him or her a duty of reasonable care, (2) there was a breach of that duty, and (3) a resulting injury proximately caused by the breach (*see Boltax v Joy Day Camp*, 67 NY2d 617 [1986]).

The case authority in this area is clear. Where the drivers have an awareness that the traffic signal is defective or broken, they no longer rely upon the traffic signal, and it is not the proximate cause of the accident (*see e.g. Munoz v City of New York*, 19 Misc 3d 1122[A], 2008 NY Slip Op 50822[U] [Sup Ct,

Kings County 2008] [*driver aware that light often malfunctioned*]).

Vehicle and Traffic Law § 1117 requires that an operator of a motor vehicle, when approaching an intersection governed by a traffic-control signal, which is out of service or otherwise malfunctioning, shall stop in the manner required for stop signs and proceed according to the rules of right of way. A violation of this statute constitutes negligence per se (*Barbieri v Vokoun*, 72 AD3d 853, 856 [2d Dept 2010]; *see also Coogan v Torrisi*, 47 AD3d 669, 670 [2d Dept 2008]; *Ciatto v Lieberman*, 266 AD2d 494, 495 [2d Dept 1999]).

In *Minemar v Khramova* (29 AD3d 750, 751 [2d Dept 2006]), in granting the City of New York's summary judgment motion, the Second Department stated:

> "In this case, where the plaintiff driver was fully aware of the malfunctioning traffic light and the consequent need to exercise caution in proceeding through the intersection, any negligence on the part of the City in maintaining the traffic light was not the proximate cause of the accident. Accordingly, the complaint insofar as asserted against the City should have been dismissed (*see Bisceglia v International Bus. Machs.*, 287 AD2d 674, 676 [2001])."

In *Rubinfeld v City of New York* (263 AD2d 448, 450 [2d Dept 1999]), the Second Department held:

> "Under these circumstances, we conclude that the inoperative status of the 'walk/don't walk' signal was not the proximate cause of Adele's accident and thus there is no basis for liability against the defendant City of New York . . .
>
> "In the case at bar, it is clear that Adele was aware that the 'walk/don't walk' signal was not functioning, that she determined the status of permissible vehicle movement by observing the still-operational overhead traffic control light, and that she looked both ways before attempting to cross the street. Thus, Adele did not rely upon the signal in making her decision as to when or even whether to cross this particular street."

In *Bisceglia v International Bus. Machs.* (287 AD2d 674, 675 [2d Dept 2001]), the governing traffic light, which normally displayed a green arrow indicating that it was safe to make a left turn, was flashing yellow. The drivers understood that the light was malfunctioning. The Court held:

"While the Bisceglias contend that the accident would not have happened if the traffic light had been operating properly, 'this is precisely the type of "but for" analysis that has been rejected as a basis for liability' (*Hersman v Hadley*, 235 AD2d 714, 718). . . . Indeed, both drivers indicated in their deposition testimony that they were familiar with the intersection and were not confused by the flashing yellow traffic light. Accordingly, we find that the malfunctioning traffic light was not a proximate cause of the accident, and the complaints insofar as asserted against IBM should be dismissed (*see, Gonzalez v City of Yonkers*, 277 AD2d 421)" (*id.* at 675-676).

In the case at bar, the plaintiff never testified that he was aware of the fact that the light flashing yellow-amber meant that the traffic light was malfunctioning or that it should have been green or red instead of flashing yellow. In fact, while he testified that he traveled that route every day home from work, he was never asked whether the traffic light was malfunctioning (*see also Kohn v City of New York*, 19 Misc 3d 1140[A], 2008 NY Slip Op 51079[U] [Sup Ct, NY County 2008] [*the City fails to establish, through submission of admissible evidence, that both drivers were aware of the malfunctioning traffic signal*]; *Figueroa v Elbaum*, 31 Misc 3d 1202[A], 2011 NY Slip Op 50476[U] [Sup Ct, Kings County 2011] [*City's motion denied, evidence fails to demonstrate plaintiff's awareness that the traffic light was inoperable*]).

Thus, defendant City has failed to establish its prima facie entitlement to summary judgment.

Accordingly, it is, ordered, that the City's summary judgment motion is denied in all respects; and it is further ordered, that all applications not specifically addressed are denied.