■ ELLEN REGAN, Individually and as Mother, Natural Guardian, and Administratrix of TAMIKA REGAN, Deceased, Appellant, v CITY OF NEW YORK, Respondent. [4 NYS3d 889]—

In an action, inter alia, to recover damages for negligence

and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated November 4, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the evening of September 8, 2005, the plaintiff's 15-year-old daughter was in the vicinity of Beach 19th Street and Seagirt Boulevard in Queens when she was struck by an unidentified vehicle that fled the scene of the accident. There were no witnesses to the accident. Thereafter, the plaintiff commenced this action against the City of New York to recover damages for, inter alia, negligence and wrongful death, alleging that her daughter's death was caused by a malfunctioning traffic light and nonfunctioning street lights at the accident site. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

The defendant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the subject intersection was maintained in a reasonably safe condition, and that it neither created nor had actual or constructive notice of any alleged dangerous condition (*see Thompson v City of New York*, 78 NY2d 682, 684 [1991]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Silvestri v Village of Bronxville*, 106 AD3d 901, 902 [2013]; *Alvarez v Hee Youn Koo*, 16 AD3d 442 [2005]). Moreover, the defendant demonstrated, prima facie, that neither the malfunctioning traffic light nor the nonfunctioning street lights was a proximate cause of the accident (*see Minemar v Khramova*, 29 AD3d 750, 751 [2006]; *Bisceglia v International Bus. Machs.*, 287 AD2d 674, 675 [2001]; *Gonzalez v City of Yonkers*, 277 AD2d 421 [2000]; *Rubinfeld v City of New York*, 263 AD2d 448, 450 [1999]; *Hersman v Hadley*, 235 AD2d 714, 718 [1997]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert evidence was speculative and conclusory, and insufficient to defeat the motion for summary judgment (*see Calderon v City of New York*, 13 AD3d 569, 570 [2004]; *Bisceglia v International Bus. Machs.*, 287 AD2d at 675-676; *Sosa v City of New York*, 281 AD2d 469 [2001]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.