■ YAMILLEE JEUDY, Respondent, v CRAIG J. PASSMORE, Appellant. [43 NYS3d 455]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated February 11, 2016, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

This action arises from a motor vehicle accident involving two vehicles that collided at an intersection. The plaintiff allegedly sustained personal injuries as a result of the impact and commenced this action against the defendant. After issue was joined, but before anyone was deposed, the plaintiff moved for summary judgment on the issue of liability. In support of her motion, she submitted an affidavit in which she stated that the traffic lights governing both parties' direction of travel were not working, she stopped at the intersection, and she then proceeded slowly into the intersection, traveling over four lanes of traffic when the defendant failed to yield the right-of-way and struck the front passenger side of her vehicle.

In opposition, the defendant submitted an affidavit in which he stated that the traffic light for vehicles traveling in his direction was flashing yellow, while the traffic light for vehicles traveling in the plaintiff's direction was flashing red. He further claimed that as he slowly and cautiously entered the intersection when it was safe to do so, the quarter panel of the front driver's side of his vehicle was struck by the front of the plaintiff's vehicle. The Supreme Court granted the plaintiff's motion.

Pursuant to Vehicle and Traffic Law § 1117, "[e]xcept when directed to proceed by a police officer, every operator of a motor vehicle approaching an intersection governed by a traffic-control signal which is out of service or otherwise malfunctioning shall stop in the manner required for stop signs set forth in section eleven hundred seventy-two of this title, and proceed

according to the rules of right of way for vehicles set forth in article twenty-six of this title." A violation of this statute constitutes negligence per se (*see Barbieri v Vokoun*, 72 AD3d 853, 856 [2010]; *Achaibar v City of New York*, 45 Misc 3d 1036, 1038 [Sup Ct, Queens County 2014]). However, there can be more than one proximate cause of an accident, and a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle that allegedly failed to yield the right-of-way (*see Mu-Jin Chen v Cardenia*, 138 AD3d 1126, 1127 [2016]; *Cox v Nunez*, 23 AD3d 427 [2005]). "To prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault" (*Ramos v Bartis*, 112 AD3d 804, 804 [2013]; *see Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that she was in compliance with Vehicle and Traffic Law § 1117. However, in opposition, the defendant raised a triable issue of fact through the submission of his affidavit, in which he stated that he faced a flashing yellow signal and proceeded cautiously into the intersection when it was safe to do so in compliance with Vehicle and Traffic Law § 1113 (b).

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.