Carty v Colleran (2025 NY Slip Op 02905)

Carty v Colleran

2025 NY Slip Op 02905

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-00837
2022-08729
 (Index No. 705156/18)

[*1]Susan Carty, etc., respondent-appellant, 
v
Nicholas P. Colleran, et al., defendants, City of New York, appellant-respondent.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton, Julie Steiner, and Jeremy Shweder of counsel), for appellant-respondent.
Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for respondent-appellant.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for personal injuries, (1) the defendant City of New York appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered January 6, 2022, and (2) the defendant City of New York appeals from an order of the same court entered October 7, 2022. The order entered January 6, 2022, insofar as appealed from, denied that branch of the motion of the defendant City of New York which was for summary judgment dismissing the causes of action alleging negligence insofar as asserted against it. The order entered October 7, 2022, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order entered January 6, 2022, denying that branch of the motion of the defendant City of New York which was for summary judgment dismissing the causes of action alleging negligence insofar as asserted against it. The cross-appeal from the order entered January 6, 2022, was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the appeal from the order entered January 6, 2022, is dismissed, as the portion of the order appealed from was superseded by the order entered October 7, 2022, made, in effect, upon reargument; and it is further,
ORDERED that the order entered October 7, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In June 2015, Betty Jean DiBiaso (hereinafter the decedent) was fatally struck by a vehicle when she attempted to cross a street at a particular intersection in Queens. The accident occurred at approximately midnight. It is undisputed that multiple reports had been made to the 311 assistance telephone number of the defendant City of New York to report that the street lights at the intersection were not functioning.
Thereafter, the plaintiff, as administrator of the decedent's estate, commenced two [*2]separate actions, inter alia, to recover damages for personal injuries, which were subsequently consolidated. The City moved, among other things, for summary judgment dismissing the causes of action alleging negligence insofar as asserted against it. In an order entered January 6, 2022, the Supreme Court, inter alia, denied that branch of the motion. The City moved, among other things, for leave to reargue that branch of its prior motion. In an order entered October 7, 2022, the court, inter alia, in effect, upon reargument, adhered to the determination denying that branch of the City's prior motion which was for summary judgment dismissing the causes of action alleging negligence insofar as asserted against it. The City appeals.
"A municipality has a duty to maintain its streets in a reasonably safe condition" (Thompson v City of New York, 78 NY2d 682, 684; see Silvestri v Village of Bronxville, 106 AD3d 901, 902). "[T]he municipality breaches such duty if it permits a dangerous or potentially dangerous condition to exist and cause injury" (Nowlin v City of New York, 81 NY2d 81, 88; see Thompson v City of New York, 78 NY2d at 685). A municipality's obligation to maintain existing street lights arises only in situations "in which illumination is necessary to avoid dangerous and potentially hazardous conditions" (Thompson v City of New York, 78 NY2d at 684; see Silvestri v Village of Bronxville, 106 AD3d at 902). Here, to establish its prima facie entitlement to judgment as a matter of law, the City had to demonstrate that it maintained the intersection in a reasonably safe condition and that it neither created the alleged defective condition nor had actual or constructive notice of same (see Regan v City of New York, 127 AD3d 843, 844; Silvestri v Village of Bronxville, 106 AD3d at 902).
Contrary to the City's contention, its submissions were insufficient to eliminate triable issues of fact as to whether it allowed a street light outage condition to persist at a busy intersection for more than three months and whether the City's conduct resulted in a dangerous condition that was a proximate cause of the accident (see Nowlin v City of New York, 81 NY2d at 88; Prager v Motor Veh. Acc. Indem. Corp., 74 AD2d 844, 845).
Further, the City's submissions revealed the existence of triable issues of fact as to whether the decedent suffered conscious pain and suffering (see Gaida-Newman v Holtermann, 34 AD3d 634, 635; Schild v Kingsley, 5 AD3d 103, 103-104; see generally Molina v Goldberg, 231 AD3d 46, 52-53).
Since the City failed to demonstrate its prima facie entitlement to judgment as a matter of law, the Supreme Court properly, in effect, upon reargument, adhered to the determination denying that branch of the City's motion which was for summary judgment dismissing the causes of action alleging negligence insofar as asserted against it regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contention is without merit.
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court