Torrenegra v Garcia (2025 NY Slip Op 05007)

Torrenegra v Garcia

2025 NY Slip Op 05007

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2024-00729
 (Index No. 707649/18)

[*1]Donaldo Torrenegra, respondent, et al., plaintiff,
v
Juan B. Garcia, defendant, City of New York, appellant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jane L. Gordon, Amanda Abata, and Jamison Davies of counsel), for appellant.
Donaldo Torrenegra, Maspeth, NY, respondent pro se, and Elizabeth Perdomo, Maspeth, NY, plaintiff pro se (one brief filed).

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the defendant City of New York appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered October 4, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On November 8, 2017, the plaintiff Donaldo Torrenegra (hereinafter the injured plaintiff) allegedly was injured when he was struck by a vehicle driven by the defendant Juan B. Garcia while crossing an intersection in Queens. The injured plaintiff, and his wife suing derivatively, commenced separate actions against Garcia and the defendant City of New York, inter alia, to recover damages for personal injuries. The two actions were subsequently consolidated. The plaintiffs alleged, among other things, that the accident was caused by malfunctioning traffic control devices at the intersection. The City moved for summary judgment dismissing the complaint insofar as asserted against it. In an order entered October 4, 2023, the Supreme Court denied the City's motion. The City appeals.
A municipality owes a nondelegable duty to maintain its roadways in a reasonably safe condition (see Thompson v City of New York, 78 NY2d 682, 684; Tiannuan Chen v Jones, 231 AD3d 893, 895). Here, the City made a prima facie showing of entitlement to judgment as a matter of law by establishing that the subject intersection was maintained in a reasonably safe condition and that the City neither created nor had actual or constructive notice of the alleged dangerous condition at the intersection (see Regan v City of New York, 127 AD3d 843, 844; Alvarez v Hee Youn Koo, 16 AD3d 442; see also Kirton v City of New York, 234 AD3d 439, 440). However, under the circumstances of this case, in opposition, the injured plaintiff raised a triable issue of fact through the submission of repair orders for the subject intersection noting the same dangerous condition alleged to have caused the accident (see Gordon v American Museum of Natural History, 67 NY2d 836, 838). Accordingly, the Supreme Court properly denied the City's motion for summary judgment dismissing the complaint insofar as asserted against it.
The City's remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court